Margaret McNally, Appellant, v. The City of Cohoes, Respondent.

Under the provision of the charter of the city of Cohoes (Chap. 912, Laws of 1869 as amended by chap. 183, Laws of 1881), which provides that the city shall "not be liable for any damage or injury sustained by any person in consequence of any street, * * * sidewalk or crosswalk in said city being out of repair, unsafe, dangerous or obstructed by snow, ice or otherwise, or in any way or manner, unless actual notice of the defective, unsafe, dangerous or obstructed condition * * * shall have been given to the common council * * * or the superintendent of streets, * * * at least twenty-four hours previous to such damage or injury," in order to establish a liability on the part of the city for an injury occasioned by a defect or obstruction in one of its streets, actual notice must be shown.

*It seems*, however, actual information, intelligence or knowledge on the part of the officials named of the defect or unsafe condition causing an injury, is all the word "notice" implies and meets the requirements of the statute and this may, like any other fact, be established by direct or circumstantial evidence.

In an action against the city to recover for injuries caused by a fall on the sidewalk of one of its streets, plaintiff testified that at the time of the accident the sidewalk was covered with a glare of ice its entire width for a distance of five feet and to within a foot of the building; that she stepped upon it, and after walking about three feet fell. Evidence was given tending to show that ice had been upon the walk for about three weeks prior to the accident; that three days before there was rain, snow and sleet, and on the morning of the preceding day the temperature was below zero; that defendant's superintendent had been seen to pass over this sidewalk ten or twelve days before; and again about a week before. The superintendent, as a witness for plaintiff, testified that he had passed through the street several times before the accident, but did not remember the dates; that when he did there was ice upon the sidewalk the same as on every other one in the city, which was covered with ashes on the part on which people traveled. The court granted a motion for a nonsuit. *Held*, no error; that the evidence failed to show any knowledge on the part of the superintendent as to the condition of the sidewalk after the rain, sleet and freezing had rendered it dangerous.

Reported below, 53 Hun, 202.

(Argued April 30, 1891; decided June 9, 1891.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order

made July 6, 1889, which affirmed a judgment in favor of defendant entered upon an order granting a motion for a nonsuit.

The nature of the action and the facts, so far as material, are stated in the opinion

*Matthew Hale* for appellant. The trial court was right in holding that the evidence made out a case for the jury, except for the act of 1881. (*Kaveney* v. *City of Troy*, 108 N. Y. 567; *Masters* v. *City of Troy*, 50 Hun, 485; *Gramm* v. *Village of Greenbush*, 20 N. Y. S. R. 370; *Ney* v. *City of Troy*, Id. 321; *Provost* v. *Mayor, etc.*, 22 id. 25.) The court erred in holding as matter of law that actual notice was not given to the superintendent of streets of the city of Cohoes, and in granting a nonsuit on this ground. (Laws of 1881, chap. 183; *Becker* v. *Koch*, 104 N. Y. 394; *Canajoharie Bank* v. *Diefendorf*, 121 id. 191, 200; *Cross* v. *Cross*, 108 id. 629; *Manhattan Co.* v. *Phillips*, Id. 383; *Demeli* v. *Demeli*, 120 id. 485, 490; *Two-good* v. *Mayor, etc.*, 102 id. 216; *Pomfrey* v. *Village of Saratoga Springs*, 104 id. 459, 470; *Requa* v. *City of Rochester*, 45 id. 129, 136; *Todd* v. *City of Troy*, 61 id. 506, 510; *Good-fellow* v. *Mayor, etc.*, 100 id. 15, 18.) The law of 1881, under the construction put upon it by the court below, practically deprives persons injured by defendant's negligence, of any remedy whatever. (*Fitzpatrick* v. *Slocum*, 89 N. Y. 358; *Hardy* v. *City of Brooklyn*, 90 id. 435; *Kunz* v. *City of Troy*, 104 id. 344; Bishop on Written Laws, § 90; *People* v. *Comrs. of Taxes*, 95 N. Y. 554, 559; *People* v. *Lacombe*, 99 id. 43, 49; *N. Y. & O. R. Co.* v. *Van Horne*, 57 id. 473, 477, 478; *Parsons* v. *Bedford*, 3 Pet. 433, 448, 449; *Murray* v. *Gibson*, 15 How. [U. S.] 421, 424; *Commonwealth* v. *Kimball*, 24 Pick. 366, 370.)

*D. Cady Herrick* for respondent. The testimony of the witnesses is all to be read and considered together, the cross as well as the direct examination. If the cross modifies the direct, that is to control. It is to be read as a whole, and not

a single sentence or expression. Each portion is to be considered in connection with other portions explaining or qualifying it. (*Maxwell* v. *Bay City*, 46 Mich. 278; *State* v. *Worthingham*, 23 Minn. 529.) The nonsuit was properly granted. (Laws of 1881, chap. 183, § 28; *Lamb* v. *Pierce*, 113 Mass. 72; *State* v. *Wells*, 36 Conn. 210; *Comrs.* v. *Vanderbilt*, 31 N. Y. 265, 269–271; *Payne* v. *Mutual Relief*, 17 Abb. [N. C.] 56; *Pearson* v. *Lovejoy*, 53 Barb. 410, 411; *Jordan* v. *Pollock*, 14 Ga. 145, 156; *Van Vranken* v. *City of Schenectady*, 31 Hun, 518; *Birdsall* v. *Russell*, 29 N. Y. 220; *Weed* v. *Ballston*, 76 id. 336; *Dooley* v. *Wolcott*, 4 Allen, 406.) The statute in question is constitutional. (Laws of 1881, chap. 183, § 1; *Gray* v. *City of Brooklyn*, 2 Abb. Ct. App. Dec. 268; *Bieling* v. *City of Brooklyn*, 120 N. Y. 98; *Van Vranken* v. *City of Schenectady*, 31 Hun, 516; *Hume* v. *Mayor, etc.*, 47 N. Y. 639; *Lamb* v. *Connolly*, 122 id. 531.) If the nonsuit was properly granted upon any ground, it must be sustained though the court put its decision upon an untenable ground. (*Dalrymple* v. *Oswego*, 25 Wkly. Dig. 332; *Stevens* v. *Hyde*, 32 Barb. 171, 184.) The evidence clearly and undisputedly shows that the glare of ice which caused plaintiff's fall was from the snow and sleet which fell on the fourth and fifth of February, followed by the freezing temperature thereafter, thus covering the old deposit, and this being the real cause of the injury, defendant was not liable on account thereof. (*Taylor* v. *Yonkers*, 105 N. Y. 202; *Kinney* v. *City of Troy*, 108 id. 587; *Muller* v. *Newburgh*, 32 Hun, 24; *Smith* v. *Brooklyn*, 36 id. 224; *Blakely* v. *City of Troy*, 18 id. 167; *Battersby* v. *Mayor, etc.*, 7 Daly, 16.)

HAIGHT, J. This action was brought to recover for personal injuries sustained by the plaintiff in falling upon a sidewalk, in the city of Cohoes, on the 7th day of February, 1885.

The statute provides that "the city of Cohoes shall not be liable for any damage or injury sustained by any person in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk in said city being out of repair, unsafe, dangerous

or obstructed by snow, ice or otherwise, or in any way or
manner unless actual notice of the defective, unsafe, dangerous
or obstructed condition of said street, highway, bridge, culvert,
sidewalk or crosswalk shall have been given to the common
council of said city, or the superintendent of streets and public
grounds of said city, at least twenty-four hours previous to
such damage or injury." (Laws 1881, chap. 183.)

Prior to the passage of this act, the liability of the munici-
pality could be established by showing constructive notice;
and the evident purpose of the act was to prevent a recovery
unless actual notice be shown. The words "shall have been
given" are used, but it is not specified how or in what man-
ner notice shall be given. The word "notice" as used in
this connection imports information, intelligence or knowl-
edge. If the defendant's superintendent had actual informa-
tion, intelligence or knowledge of the defective, unsafe or
dangerous condition of the sidewalk, it would seem to answer
the requirements of the statute. Actual notice may be estab-
lished by evidence either direct or circumstantial the same as
any other fact. The trial court appears to have been of the
opinion that the evidence did not justify a finding that defend-
ant's superintendent had actual knowledge of the condition of
the sidewalk at the time of or the place where the plaintiff fell.

It, therefore, becomes necessary to determine whether the
evidence is of that character which requires a reversal.

The plaintiff tells us that she was upon the sidewalk upon
Factory street; that it was covered with a glare of ice its
entire width up to within a foot of the building, and that it
extended lengthwise of the walk about five feet; that she
saw it, stopped and looked at it, then stepped upon it, and
after walking about three feet upon the ice she slipped and
fell, breaking her wrist. Evidence was given tending to show
that ice had been upon the walk for about three weeks; that
on the fourth and fifth there was rain, snow and sleet turning
cold on the morning of the sixth; the temperature going down
below zero; that the defendant's superintendent had been

seen to pass over the walk ten or twelve days before the accident, and again about a week before. He was then called as a witness on behalf of the plaintiff and himself testified that he had passed through the street several times before the accident, but did not remember the dates; thinks he may have passed through the street after the first of the month; that when he passed through the street there was ice upon the sidewalk, the same as on every other walk in the city; that the ice was covered with ashes on that part on which the people traveled.

This is the evidence in substance bearing upon question of actual notice. It will be observed that it fails to show any knowledge on the part of the superintendent as to the condition of the walk after the rain and sleet on the fifth and the freezing on the morning of the sixth. We do not understand his testimony to be controverted; and if, as testified by him the walk was covered with ashes prior to the storm of the fourth and fifth, it is quite apparent that there was a material change in the condition of the walk thereafter, rendering it dangerous if it was as described by the plaintiff at the time of her fall on the morning of the seventh. (*Taylor* v. *City of Yonkers*, 105 N. Y. 202; *Harrington* v. *City of Buffalo*, 121 N. Y. 147.)

These views render it unnecessary to consider the question as to whether the defendant was guilty of negligence, or whether the plaintiff upon her own showing was guilty of contributory negligence in going upon the ice after observing its condition.

The judgment should, therefore, be affirmed with costs.

All concur, except Potter and Vann, JJ., dissenting.

Judgment affirmed.