FLORENCE A. SMITH, Plaintiff, *v.* THE CITY OF ROCHESTER, Defendant.

*Charter of the city of Rochester — notice to an official of the defective condition of a street.*

The notice provided in the charter of the city of Rochester, to be given certain authorities of such city of the defective condition of its streets before the city can be chargeable with damages resulting therefrom, is not required to be written or verbal; it is sufficient if the defective condition of the walk be actually brought to the knowledge of a proper official a sufficient length of time prior to the happening of an accident to enable the city, by reasonable diligence, to remedy the defect prior to the happening of the accident.

Upon the trial of an action brought to recover damages for injuries sustained by the plaintiff by reason of a fall upon the sidewalk of a city, the charter of which provided that the city should not be liable for injuries caused by defective sidewalks unless actual notice of the unsafe or dangerous condition thereof had been given to the city officers having charge of its highways a reasonable time before the happening of such injury, one of the persons having charge of the highways of said city testified that he had passed over a temporary sidewalk constructed at the place in question on two or three occasions prior to the accident; that he had observed that the proprietor of the premises abutting upon the sidewalk had somewhat obstructed the driveway in the street, and had deposited certain articles between the temporary sidewalk and the curbing; that he gave such proprietor notice to remove such obstructions; that he did observe that there was a temporary walk over the excavation in the sidewalk, but did not pay any particular attention to it, and did not know that the planks thereof had not been spiked down; that he did not see anything unusual about the walk and had no knowledge, information or intelligence as to its being out of order.

*Held*, that the evidence failed to show that such person had actual knowledge of the defect in the sidewalk.

MOTION by the plaintiff, Florence A. Smith, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance after a judgment of nonsuit directed by the court upon a trial before the court and a jury at the Monroe Circuit.

*Walter T. Hubbell*, for the motion.

*C. D. Kiehel*, opposed.

LEWIS, J.:

This is an action brought to recover damages for bodily injuries sustained by the plaintiff while walking upon a sidewalk in the city of Rochester.

The plaintiff claims that her injuries were caused by the sidewalk being out of repair. An abutting owner in making some repairs had removed the stone walk in front of his premises. He excavated the earth underneath, and constructed a temporary sidewalk over the excavation of sufficient length and width, and in the manner that such walks are ordinarily constructed. The defect consisted in his not having spiked the planks down. They had by use become separated from each other at the time the plaintiff was injured, and in attempting to cross over the walk she stepped into the opening between the planks and was quite seriously injured.

The charter of the city provided that the city should not be liable for injuries caused by defective sidewalks, unless an actual notice of the unsafe or dangerous condition thereof had been given to the city officers having charge of the highways a reasonable time before the happening of any such injury.

This is the second time this case has been before this court upon appeal. The material facts of the case are fully stated in the opinion of Justice MACOMBER on the former appeal. (46 N. Y. St. Repr. 727.) We then held that a sidewalk inspector was not a city officer having charge of the highways of the city, and that a notice to that officer was not a sufficient notice under the provisions of the charter to charge the city. The supervision of the streets of the city is by the charter given to an executive board of three members elected by the electors of the city. The members of the board are the commissioners of the highways of the city.

The plaintiff upon the second trial attempted to prove the required notice to the executive board of the defect in the sidewalk by the testimony of Mr. Armbruster. He was a member of the executive board prior to and at the time of the accident. Did the plaintiff succeed in proving the notice? It was sufficient if the defective condition of the walk was actually brought to the knowledge of Armbruster for a sufficient length of time prior to the accident to have enabled the city authorities by reasonable diligence to have remedied the defect in the walk. It must not necessarily have been a written or verbal notice. (*McNally* v. *City of Cohoes*, 127 N. Y. 353.)

Armbruster testified that he was, at the time, a member of the board and that he had passed over the temporary walk on two or

three occasions, prior to the accident; he had observed that the proprietor of the premises had somewhat obstructed the driveway in the street, and had deposited dirt, barrels and other articles between the temporary sidewalk and the curbing, and he gave him notice to remove these obstructions; that he did observe that there was a temporary walk over the excavation in the sidewalk, but that he did not pay any particular attention to it, and did not notice or know that the planks had not been spiked down; that he did not see anything unusual about the walk and had no knowledge, information or intelligence as to its being out of order.

The trial court held that the evidence failed to establish the notice required by the charter. It was not sufficient for the plaintiff to show that Mr. Armbruster was negligent in not discovering the defects, but under the provisions of the charter, in order to have been entitled to go to the jury with the case, the evidence must have tended to show that Armbruster had actual knowledge of the defect. This, we think, the evidence failed to establish, and that being a condition to the plaintiff's right to recover, she was properly nonsuited.

The motion for a new trial should be denied, and judgment directed for the defendant upon the nonsuit.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Plaintiff's motion for a new trial denied, with costs, and judgment ordered for the defendant on the nonsuit.