# DECISIONS IN CASES NOT REPORTED.

## Fifth Department, June Term, 1895.

David D. Clancey, as Assignee, etc., Respondent, v. Thomas H. Groves, Appellant.— Judgment affirmed.

Fanny Sprague, Plaintiff, v. The City of Rochester.— Defendant.—Motion for a new trial denied upon the authority of *Smith* v. *The City of Rochester* (46 N. Y. St. Repr. 727; S. C., 79 Hun, 174).—

WARD, J. (dissenting): On the 14th of October, 1892, plaintiff, in passing along a sidewalk in the city of Rochester on Hamilton place near the corner of South avenue, stepped into a hole in the sidewalk and was seriously injured. On the third day of the previous September one Williams, a street inspector of the city, gave notice in writing to one Moore, who was chief inspector of sidewalks and repairs thereof, of the territory embracing the point of injury (and had been so for some years), that the sidewalk at that point was in bad repair. There was evidence tending to show that there was no street superintendent for the city at the time, but his duty was discharged by the chief inspectors of sidewalks and repairs in their several districts to the knowledge and with the approbation of the executive board of the city. When there was no street superintendent his duties were discharged by the inspectors of the several districts, in their districts. The duties of the chief inspector of sidewalks and repairs was to examine the condition of the sidewalks in his district, cause the same to be repaired and report the expense thereof to the executive board. The contention of the defendant is that the notice to Moore was not notice to the city officers having charge of the highways under the city charter, which provided as follows: "The city of Rochester shall not be liable for any injury caused by such sidewalk or any roadway being out of repair or unlawfully obstructed or dangerous from snow or ice unless actual notice of the unsafe or dangerous condition thereof has been given to the city officers having charge of the highways a reasonable time before the happening of such injury." The charter also provides that: "The said executive board, superintendent of streets, or other officer or body having charge of the highways within said city, shall have the power to repair any sidewalk where the owner of the property shall neglect or refuse to repair the same," etc. The charter thus recognizes the office of superintendent of streets or other officer having charge of highways, and impliedly creates a power in the executive board to delegate their duties to inferior officers. The executive board is charged with many duties aside from those relating to highways; indeed with the substantial management of the affairs of the city government. They have certainly recognized in Moore an officer who had direct duties in connection with this sidewalk and its repair, and the question should have been submitted to the jury from the evidence presented whether Moore was not such officer and exercising such powers. As the executive board imposed these duties upon Moore, or he exercised them with the consent of the executive board, he represented the board in that regard. The executive board under their general powers had the right to appoint Moore to perform these duties, and notice to him was notice to the board, at least that was a question for the jury. As there was no street superintendent the chief inspectors of sidewalks and repairs in their several districts were acting superintendents therein. The defendant claims that this court in *Smith* v. *The City of Rochester* (46 N. Y. St. Repr 727, and same case in 79 Hun, 174) have settled the legal questions involved upon this motion in favor of the defendant. There the plaintiff was injured upon the sidewalk and the offer was to prove that the street inspector had passed along at the point where the sidewalk was defective and observed its condition, and that his knowledge was the knowledge of the defendant and a notice to it of such defect. The court lays stress upon the fact that the executive board could appoint, and at pleasure remove, a superintendent of streets, fix his compensation and prescribe his duties, and the court adds: "Under these provisions of the charter it is clear that this inspector was not a superintendent of streets appointed by the executive board, but he was, as the description of his duties necessarily implies, a subordinate," etc. The question presented here, therefore, was not before the court in that case; in this case there was no superintendent in existence, and his duties were performed by acting street superintendents, of which Mr. Moore who received this notice was one. A second trial was had in the *Smith* case, and there the plaintiff undertook to prove actual notice to the city by showing that a member of the executive board had passed over the street at the point where the plaintiff was injured, before her injury, and should have observed its condition. This official swore, however, that he had no actual knowledge of the defect complained of, and the court (LEWIS, J., 79 Hun, 175) says: "It was not sufficient for the plaintiff to show that Mr. Arbruster (the city officer) was negligent in not discovering the defect, but under the provisions of the charter, in order to have been entitled to go to the jury with the case, the evidence must have tended to show that Arbruster had actual knowledge of the defect. This we think the evidence failed to establish, and that being a condition to the plaintiff's right to recover she was properly nonsuited." In the case at bar there was actual notice to Moore more than a month before the injury. As before said, it was for the jury to say whether the city had reasonable notice as to the condition of this sidewalk. It was for the jury to say whether under all the evidence Moore was not a city officer having charge of the sidewalks and the repairs in the place of a city superintendent that the executive board had not appointed, and who was discharging the duties of such superintendent. It was error in the trial court to take this case from the jury, and the motion for a new trial should be granted, with costs to abide event.

Grace G. Ayers, Respondent, v. Rochester Railway Company, Appellant.—Judgment and order affirmed. Bradley, J., not voting.

Albert Hollenbeck, Plaintiff, v. William H. Jones, and Others Defendants.— Motion for