CHARLES A. TERWILLIGER, Appellant, *v.* TOWN OF CRAWFORD, Respondent.

*Negligence — proof that a town bridge was repaired after an accident, where the town alleges a want of funds to make repairs, is incompetent.*

In an action brought against a town to recover damages for personal injuries sustained by the plaintiff in consequence of a defect in a highway bridge, evidence that the bridge was repaired three weeks after the accident happened is not rendered competent by the fact that the answer of the defendant alleges a want of funds for the repair of the bridge.

APPEAL by the plaintiff, Charles A. Terwilliger, from a judgment of the County Court of Orange county in favor of the defendant, entered in the office of the clerk of the county of Orange on the 13th day of July, 1898, reversing the judgment of a justice of the peace rendered in favor of the plaintiff.

*Lewis Hasbrouck*, for the appellant.

*John C. R. Taylor*, for the respondent.

Judgment of the County Court of Orange county affirmed, with costs on opinion of BEATTIE, J.

All concurred.

The following is the opinion of BEATTIE, J.:

JOHN J. BEATTIE, J.:

This action was brought to recover damages for an injury to the plaintiff's horse, sustained by reason of a defect in a highway bridge. The testimony as to the condition of the bridge was of the most conflicting character, but the evidence on behalf of the plaintiff was sufficient to justify the verdict. The question of the contributory negligence of the plaintiff was for the consideration of the jury and their finding is conclusive in his favor.

Upon the direct examination of the plaintiff the following testimony was given over the objection and exception of the defendant: "I examined the bridge about three weeks after the accident.   Q. What did you see then?   *   *   *   A. The bridge was covered with new plank.   Q. At the time of the examination did you observe that a

new plank had been placed on the bridge where the hole was previous? * * * A. Yes."

The evidence thus given is sought to be sustained upon the ground that the answer of the defendant having alleged a want of funds for the repair of the bridge, the fact that repairs were made soon after the accident was evidence of funds in the hands of the commissioner sufficient for that purpose. Also upon the ground that the fact that the bridge was then covered with new plank was evidence that it was not covered with such plank at the time of the accident, as testified to by the defendant's witnesses.

The plaintiff's counsel disavows any other purpose or object in offering the testimony except as now suggested.

The evidence as given formed a part of the whole record upon which the jury decided the issues involved, and even if the force of the testimony could be said to have been limited in their minds to the purposes for which the testimony is said to have been offered, it was wholly incompetent for such purposes. In the case of *Clapper* v. *Town of Waterford* (131 N. Y. 382) testimony of a like character was given, and it was offered upon the statement of the plaintiff's counsel only for the purpose of showing that the highway commissioner exercised control over the walk where the accident occurred, and that he had funds in hand at the time of the accident, and the evidence was received for this purpose. The Court of Appeals, in reversing the judgment for the plaintiff, says: " Proof that the commissioner was seen repairing this walk a week or more after the accident did not tend to prove that he had funds in his hands with which to make the repairs before the plaintiff was injured. Upon whatever pretense such evidence is put into the case, it is generally used to mislead the jury. It is sometimes accepted by them as an admission of negligence and its natural tendency is undoubtedly to influence them in that direction."

This case is so clearly within the rule thus laid down that the judgment must be reversed, with costs