(41 App. Div. 188.)

### TARBA v. CITY OF ROCHESTER.

(Supreme Court, Appellate Division, Fourth Department. May 24, 1899.)

1. DEFECTIVE STREETS—NOTICE OF CONDITION—CONSTRUCTION OF CHARTER.
   A city charter makes it the duty of lot owners to keep the sidewalks in front of their lots in repair, and free from ice and snow and other obstructions, and provides that the city shall not be liable for any injury caused by such sidewalk or any roadway being obstructed or out of repair or dangerous from snow or ice, unless actual notice of its condition has been given, to the officers having charge of the highways, a reasonable time before the injury. *Held*, that actual notice to the city was a prerequisite to its liability for any obstruction, and that the requirement thereof did not apply only to snow and ice.

2. SUBMISSION OF QUESTION OF CONSTRUCTION—NOTICE TO JURY.
   Evidence tending to show that a street had been in the condition it was in at the time of the accident for about two weeks prior thereto is insuf-

ficient to warrant the submission to the jury of the question of constructive notice of the defective condition of the street to the officers having charge thereof.

Appeal from trial term, Monroe county.

Action by Edna E. Tarba against the city of Rochester. Plaintiff excepted to a ruling of the trial court granting a nonsuit, and the motion for new trial was ordered to be heard in the appellate division. Denied.

At the close of the evidence, the defendant's counsel moved for a nonsuit upon the grounds (1) that the facts proved did not constitute a cause of action against the city; (2) that no negligence had been established on the part of the city; (3) that the absence of contributory negligence on the part of the plaintiff had not been shown; (4) that the plaintiff was guilty of contributory negligence; (5) that actual notice of the obstruction in the highway was not shown to have been received by the officers of the city having charge of the highways, or of the alleged defective condition of the street; (6) that there was nothing in the evidence to charge the city with constructive notice of the condition of the street. The motion for a nonsuit was granted, to which the plaintiff took an exception; whereupon the court ordered the motion of the plaintiff for new trial to be heard in this court in the first instance.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, and SPRING, JJ.

Keeler & Marsh, for plaintiff.
John F. Kinney, for defendant.

HARDIN, P. J. Defendant, by virtue of the provisions of law and its charter, has custody and control of the streets within its corporate limits, and it is its duty to keep the same in a reasonably safe condition for travel, so that the public may pass over and upon the same with safety. Yale street is a public highway, within the corporate limits of the defendant, and was under its control at the time of the accident hereinafter mentioned. Prior to the 5th day of May, 1896, a stone foundation for a house and building was being constructed between Nos. 24 and 28, on the said street, and it is alleged that, directly in front of said foundation so being constructed, there was a pile of stone, extending from the sidewalk to about the middle of the street. It is alleged in the complaint that the defendant carelessly and negligently permitted and authorized said pile of stone to remain in said street without guards, lights, signals, or notice of any kind to warn the public against the danger caused by the presence of the stone in said street, and that the street was thus "rendered unsafe and dangerous for travel." It is alleged in the complaint, and claimed in the evidence, that on the 5th day of May, 1896, the plaintiff was riding along said street between the hours of 9 and 10 in the evening, with her husband and a child, in a carriage drawn by a horse, between Nos. 24 and 28; and that without any carelessness or negligence on the part of the plaintiff or her husband, and in ignorance of the dangerous condition of the street, the wagon collided with, and came in contact with, the pile of stone which had been so left in the street, and that the plaintiff was thrown with violence from the carriage, and upon the said stones, and that the wheels of the carriage passed over the body of the plaintiff, and that the plaintiff was thereby bruised, hurt, and injured to a considerable extent, and sustained in-

juries for which she seeks to recover damages in this action. The answer admits that the defendant is a municipal corporation, and that it has the custody, care, and control of the streets within its corporate limits, and it contains denials of other allegations of the complaint.

Plaintiff gave evidence tending to show the circumstances occurring immediately preceding and attendant upon the accident, and from the evidence it is apparent that a question was presented which the jury might have solved in favor of the plaintiff as to her contributory negligence. There was evidence given tending to show that a pile of stone was found in the street on the occasion of the accident, extending 22 feet in length and some 16 feet out into the street, and there was some evidence that the pile of stone at the highest point was 2 feet high. They were the refuse stone that were left after the masons, who were building the cellar foundation, had culled and selected such as they desired to use in the foundation. At the point where the accident occurred the street is about 33 feet wide between the curbs. The electric light was 108 feet from the stone pile, near the corner of the street, and another electric light was on the south side of the highway, and 240 feet east of the stone pile, towards South Clinton street. The pile of stone which was encountered was on the north side of the street. There was evidence given tending to show that when the foundation wall was in process of construction stone were being drawn daily for the purposes of building, and that they were used and culled over each day, and there was some evidence tending to show that that condition of things existed for some two weeks before the accident. They were ordinary building stone, which the owner or contractor had caused to be piled in front of the premises where he was building the cellar wall for a new house. There was evidence tending to show that at the time of the accident "the stones left were some rubbish, and there might have been some good stone in them. It was mostly rubbish and small stone left after the work was completed. * * * It was not a big pile, piled up in regular form. It was simply the refuse left from the completion of the cellar. The cellar had been completed on that day." After the accident, a witness testifies that he drew away about half a cord, and that half a cord is about two loads.

The question in this case turns upon the construction of section 218 of the city charter, as the same was amended by chapter 561 of the Laws of 1890. The first part of that section prescribes the duty of the owner of every lot or piece of land in the city to keep the sidewalks adjoining his lot or piece of land in good repair, and to remove and clean away all snow and ice and other obstruction from such sidewalk. Following that provision is found, in the section, the following words:

"The city of Rochester shall not be liable for any injury caused by such sidewalk or any roadway being out of repair, or unlawfully obstructed or dangerous from snow or ice, unless actual notice of the unsafe or dangerous condition thereof has been given to the city officers having charge of the highway a reasonable time before the happening of any such injury."

A somewhat similar provision is found in chapter 912 of the Laws of 1869, as amended by chapter 183 of the Laws of 1881, relating to the city of Cohoes; and the case of McNally v. City of Cohoes, 127

N. Y. 350, 27 N. E. 1043, involved the question as to the construction of that statute, and the statute was assumed and declared to be constitutional and valid.　It was further held that:

"Actual information, intelligence, or knowledge·on the part of the officials named of the defect or unsafe condition causing an injury is all the word 'notice' implies, and meets the requirements of the statute, and this may, like any other fact, be established by direct or circumstantial evidence."

That doctrine was followed in Smith v. City of Rochester (Sup.) 19 N. Y. Supp. 459, which was a case arising in the city of Rochester under the section now brought before us for construction, where an accident occurred upon a public sidewalk on the west side of North avenue; and in the opinion of Macomber, J., it was said, as to the notice, that the statute "does not mean that a formal notice shall be served upon each or any member of the board.　It is sufficient that they have knowledge of the existence of the defects a reasonable time before the injuries complained of were received, to enable an action to be maintained.　But the knowledge of any other person whom they may employ is not imputable to the board until it is in some way brought to their attention."　When that case was heard on the second appeal, as appears by the report thereof in 79 Hun, 174, 29 N. Y. Supp. 539, it was said in the opinion of Lewis, J.:

"It was sufficient if the defective condition of the walk was actually brought to the knowledge of Armbruster (a member of the executive board) for a sufficient length of time prior to the accident to have enabled the city authorities, by reasonable diligence, to have remedied the defect in the walk.　It must not necessarily have been a written or verbal notice.　McNally v. City of Cohoes, 127 N. Y. 353, 27 N. E. 1043."

The plaintiff in that case failed again, because the court held that the evidence was not sufficient to show that Armbruster had actual knowledge of the defect in the sidewalk where the injury occurred.

It is contended in behalf of the plaintiff, by the learned counsel, that the legislature never intended to change the rule, and require actual notice of the obstruction, unless it was by snow and ice.　We cannot yield to the contention of the plaintiff.　We think the legislature, by the use of the words found in section 218 of the charter, restricted the liability of the city for any "roadway being out of repair, or unlawfully obstructed or dangerous from snow or ice," to cases where actual notice of the unsafe or dangerous condition has been given, to the city officers having charge of the highways, a reasonable time before the happening of any such injury.　The insertion in the section of the words, "any roadway being out of repair, or unlawfully obstructed," in the amendment of 1890, was evidently for the purpose of reaching a class of cases not covered by the antecedent statute, which related exclusively to sidewalks.　In the case ·in hand the plaintiff gave no evidence of any actual notice to any of the defendant's officers, having charge of the streets or highways, of the presence of the stone in the roadway where the injury occurred. Nor·is there any evidence that any such officer had any information or knowledge thereof prior to the accident, and therefore the plaintiff failed to make out a case, under the provisions of the section as it existed at the time of the injury, on the 5th of May, 1896.　Nor do we think there was any evidence which would have warranted the trial

court in submitting the question of constructive notice to the jury. We are therefore of the opinion that the plaintiff failed to establish a cause of action against the city for the injuries which she sustained.

Plaintiff's exceptions overruled, and motion for a new trial denied, with costs, and judgment ordered for the defendant, with costs. All concur.