SPRAGUE v. CITY OF ROCHESTER.

(Supreme Court, Appellate Division, Fourth Department.    May 22, 1900.)

INJURIES FROM DEFECTIVE SIDEWALK—NOTICE TO FOREMAN—EVIDENCE OF RE-
PAIRS MADE AFTER INJURY.
Where, in an action against a city for injuries from a hole in the side-
walk, the defense was that a notice of such defect, given to a foreman of
sidewalks, was not binding on the city, because the defect was in a stone
walk, over which the foreman had no authority, but there was evidence
tending to show his authority thereover, it was not error to admit evi-
dence that the same foreman repaired the walk after the accident, where
the instruction limited such evidence to the question of his authority.

Appeal from trial term, Monroe county.

Action by Fannie Sprague against the city of Rochester for injuries
resulting from a defective sidewalk.    From a judgment in favor of
plaintiff, and an order overruling a motion for a new trial, the de-
fendant appeals.    Affirmed.                               •

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and LAUGHLIN, JJ.

P. M. French, Corp. Counsel, for appellant.
Eugene Van Voorhis, for respondent.

ADAMS, P. J.    This action, which was brought to recover dam-
ages for personal injuries sustained by the plaintiff in consequence
of a defective sidewalk in the city of Rochester, has been twice tried.
Upon the first trial the plaintiff was nonsuited upon the ground that
notice of the defect complained of was not given to the city officials
having charge of the streets and sidewalks within a reasonable time
before the occurrence of the accident, as required by section 218 of
the city charter.    Thereafter a motion for a new trial was made and
denied at general term (88 Hun, 613, 34 N. Y. Supp. 1126), and from
the judgment entered thereon an appeal was taken to the court of
appeals, where it was held that notice of a defect in a sidewalk given
to a foreman of sidewalks, clothed with general power to repair
throughout a large district of the city, is notice to a city officer having
charge of highways, within the meaning of the provision of the char-
ter of the city of Rochester (Laws 1880, c. 14, § 218, amended by Laws
1890, c. 561), requiring notice "to the city officers having charge of
the highways" of a defect in a sidewalk as a prerequisite to a right
of action to recover damages for an injury caused thereby; and that
inasmuch as there was ample proof of such notice, and no question
made as to the defective condition of the walk, the case was improp-
erly withheld from the jury (159 N. Y. 20, 53 N. E. 697).    Upon the
last trial the defendant did not deny the existence of the defect in
the walk, but sought to escape liability therefor under the rule es-
tablished by the court of appeals, by an attempt to prove that the au-
thority of Moore, the foreman of repairs to sidewalks within the dis-
trict wherein the walk in question was located, and the one to whom
notice of its defective condition was given, did not extend to stone
walks, which were repaired by contractors under the supervision of
the executive board, but was restricted to the repair of wooden walks.

The walk in question was constructed of flagstones, and a piece of one of the stones thereof had become broken, and the earth underneath had fallen away, so that at the time of the accident there existed a hole in the walk six or seven inches wide and some eighteen inches in depth. The walk had been permitted to remain in this condition for a long period of time, and on the night in question the plaintiff stepped into the hole, and received injuries which resulted in the amputation of one of her legs between the ankle and the knee. Moore had received actual notice of the existence of this hole from one of the city sidewalk inspectors at least 40 days prior to the accident, but took no measures to repair the same. Upon the former trial no question appears to have been raised as to the authority of Moore to repair this walk, but upon the second trial the members of the executive board were called as witnesses, and they gave evidence tending to prove that Moore's official duties were limited to the repair of board or wooden walks, and that he had no control or authority over stone walks. Obviously, therefore, it became of the utmost importance to the plaintiff to show that notice of the defective condition of the walk in question had been given to a city official clothed with authority to remedy the defect, and, to rebut the proof which had been thus tendered by the defendant, witnesses were called who were permitted to testify that shortly after the accident they filled up the hole in the walk, and erected a barricade around it, and that this was done by the direction and under the supervision of Moore. This class of evidence was objected to by the defendant's counsel, and the exceptions taken to its admission present the only new question with which this court has to deal upon the present appeal; the contention of the defendant being that the acts and declarations upon the part of its officers and agents subsequent to the happening of the accident in question were not competent because, although received for a specific purpose, their inevitable tendency was to accomplish another and different purpose, and consequently to prejudice the defendant. Had this evidence been offered upon the question of the defendant's negligence, its incompetency might be urged with much propriety, even though, as seems to be conceded, no serious controversy arose upon the last trial over that particular feature of the case. Getty v. Town of Hamlin, 127 N. Y. 636, 27 N. E. 399.

But it was expressly stated by the learned trial justice that it was received for no such purpose, but simply and solely as bearing upon the question of Moore's authority. It is now insisted, however, that the evidence was incompetent, even with this limitation attached to it, and, if it is to be regarded merely as evidence of an independent act or declaration with which the defendant is not connected, and for which it is in no wise responsible, it probably cannot be said that the defendant's contention is unsupported by authoritative precedent. Clapper v. Town of Waterford, 131 N. Y. 382, 30 N. E. 240; Terwilliger v. Town of Crawford, 40 App. Div. 253, 59 N. Y. Supp. 64. But, upon the other hand, if Moore's acts, taken in connection with other evidence which is concededly competent, tend to establish authority in him to perform those acts, we fail to see why they are not as binding upon the defendant as though they had been performed in obe-

dience to a resolution of its common council. Sewell v. City of Cohoes, 11 Hun, 626, affirmed in 75 N. Y. 45. Certainly, if Moore was not invested with discretionary power to repair defective stone sidewalks, no city official was; and it is absurd to assume that such an · ordinary defect as the one in question must have been remedied, if at all, by a stone mason, and through the medium of a special contract. The evidence of the defendant's witnesses will hardly support such a contention, for Mr. Schroth, a member of the executive board, testified that "Mr. Moore was one of the chiefs of sidewalk inspectors, and had charge of the sidewalks on the east side of the river. He had charge of the inspectors and of the repair gang for sidewalks, and I believe he was the only one to whom the matter of repairing was intrusted. In all ordinary matters of repair, he went along and did them with his repair gang." And Mr. Barnard, another member of the board, testified that "Mr. Moore was the only man who had charge of repairs on behalf of the executive board on the east side of the river, and the repair of sidewalks, and he had charge of the repair gang and the inspectors of sidewalks on the east side of the river, and he had full authority to go ahead and make all ordinary repairs of sidewalks that came to his attention that his gang was capable of doing; and as a rule, if it was something they were not capable of doing, it was reported to the board, and a special contract was made with some outsider to do the work." In view of this evidence, we think it was clearly competent to show by Moore's acts that he was capable of making, and consequently authorized to make, the repairs which he did make subsequent to the plaintiff's accident, and that such acts, therefore, do not come within the condemnation of the rule contended for by the defendant's counsel. It follows that the judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur.