## McMANUS v. CITY OF WATERTOWN.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1903.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—NOTICE.

Where a municipal charter requires actual notice to the officials of the dangerous condition of a sidewalk, as a prerequisite to an action for injuries occasioned thereby, that an officer to whom such notice should be given passed casually along the defective sidewalk, and had an opportunity to observe the defect, without evidence that he was on a tour of inspection or actually noticed the defect, is insufficient to establish the required notice.

Williams, J., dissenting.

Appeal from Trial Term, Jefferson County.

Action by Alice McManus against the city of Watertown. From a judgment for plaintiff, and an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before McLENNAN, P. J., SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Fred A. Baldwin, for appellant.
C. B. McCromack, for respondent.

SPRING, J. The plaintiff claims to have fallen upon a ridge of ice February 14, 1902, on the sidewalk on Elizabeth street, in the city of Watertown, and sustained injuries, for which she has recovered in this action. The negligence of the defendant and the plaintiff's freedom from fault were questions of fact, and have been disposed of by the jury in her favor.

The charter of the city of Watertown provides that the city "shall not be liable for the damage or injury sustained by any person in consequence of any sidewalk or crosswalk in said city being out of repair, unsafe, dangerous, or obstructed by snow, ice or otherwise, unless actual notice of the defective, unsafe or obstructed condition of said sidewalk or crosswalk shall have been given to the mayor, the board of public works, or superintendent of public works, or any regular policeman at least forty-eight hours previous to such damage or injury." There is no pretense in this case that any of the officers designated were actually notified of the defective condition complained of, but the plaintiff testified that three or four days before the accident she saw Mr. Galloway, the superintendent of public works, walking

along this walk, "looking at the sidewalk along where I was injured, * * * with his head down. He was looking around." The testimony further tends to show that the ridge of snow or ice, which was about 2½ feet long, 8 or 9 inches in width, and 3 or 4 inches high, remained substantially unchanged from the time the superintendent was said to have gone over it until plaintiff fell. The jury were allowed to find actual notice, based upon the plaintiff's testimony as given above. The simple question is, therefore, whether the requirement of actual notice as a prerequisite to the maintenance of the action is met by showing that the officer to whom such notice should be given had an opportunity to observe the particular defect complained of. The object of the charter provision in regulating the mode of procedure obviously is to prevent a recovery for negligence based upon constructive notice of a defect in a sidewalk. While the provision should be given a fairly liberal construction against the city (Sprague v. City of Rochester, 159 N. Y. 20, 53 N. E. 697), actual notice of the existing defect for the period stated must in some way be brought home to one of the officials named. We have been unable to find any authority exactly in point. In Smith v. City of Rochester, 79 Hun, 174, 29 N. Y. Supp. 539, affirmed on opinion below in 150 N. Y. 581, 44 N. E. 1128, the plaintiff was injured by stepping between two planks composing the walk, and which had become separated. The walk was a temporary one, and it was claimed the city was liable because these planks were not spiked to the underlying sleepers or supports. The sole question considered on the appeal was the sufficiency of the notice, as the provision in the charter of the city required actual notice of the defect for a definite period before the injury. One Armbruster was a member of the executive board, and, concededly, actual notice to him of the defect would have been sufficient. He was sworn as a witness, and testified that he had passed over the walk two or three days before the accident; that he had caused barrels and other obstructions to be removed therefrom; that he observed the walk was a temporary one, but gave no particular attention to it, and did not observe that the planks had not been fastened. The court held this did not establish the notice intended by the charter requirement, saying:

"It was not sufficient for the plaintiff to show that Mr. Armbruster was negligent in not discovering the defects, but, under the provisions of the charter, in order to have been entitled to go to the jury with the case, the evidence must have tended to show that Armbruster had actual knowledge of the defect."

Nor are we of the opinion that the case of McNally v. City of Cohoes, 127 N. Y. 350, 27 N. E. 1043—also a case of a fall upon an icy sidewalk, where the sufficiency of the notice under a similar charter requirement was passed upon—aids the respondent. In that case the defendant's superintendent had passed over the sidewalk several times prior to the accident, observing that there was ice on the walk, but testified that it was covered with ashes. There was no proof of actual notice, and the court held the proof was insufficient to establish notice, as there had been a change in the condition of the walk after his observation of it. The only pertinence the case has is that under

the facts of that case the court held the circumstances did not establish that the superintendent knew of the dangerous condition of the walk.

The defect in the present case was a small hummock of ice or snow. The weather was cold, and in the climate of Watertown, in freezing weather, a patch of snow of this kind was not unusual. There is no proof that the superintendent was on a tour of inspection when it is claimed he might have discovered this defective condition. The most that can be said of his conduct is that he was walking casually along, "looking down" and "around," but that does not tend to show he actually saw this little pile of packed snow. To be sure, actual notice may be proven by circumstances, but they must be of that character which is convincing in establishing that notice in fact was given. To hold that, because an officer passed by a slight and not unusual defect, he must have appreciated its existence, is to emasculate the requirement of its efficiency. Without discussing in what instances circumstances may be adequate to show the necessity of actual notice has been fairly complied with, we deem the evidence in this case is inadequate for that purpose. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur, except WILLIAMS, J., who dissents.