ALICE McMANUS, Respondent, *v.* THE CITY OF WATERTOWN, Appellant.

*Injury from falling on ice on a city sidewalk — evidence insufficient to establish the " actual notice " to the city required by the charter.*

In an action brought against the city of Watertown to recover damages for personal injuries sustained by the plaintiff in consequence of her falling upon a ridge of ice or snow, about two and one-half feet long, eight or nine inches wide and three or four inches high, on the sidewalk of one of the city streets, the plaintiff testified that three or four days before the accident she saw the superintendent of public works of the city walking along the sidewalk in ques-

tion "looking at the sidewalk along where I was injured * * * with his head down; he was looking around."

Testimony was also given tending to show that this ridge of snow or ice on which the plaintiff fell remained substantially unchanged from the time the superintendent of public works passed over the sidewalk until the accident occurred.

*Held,* that the testimony was insufficient to sustain a finding of actual notice to the superintendent of public works within the meaning of section 296 of the city charter (Laws of 1897, chap. 760) providing that the city "shall not be liable for the damage or injury sustained by any person in consequence of any sidewalk or crosswalk in said city being out of repair, unsafe, dangerous or obstructed by snow, ice or otherwise, unless actual notice of the defective, unsafe or obstructed condition of said sidewalk or crosswalk shall have been given to the mayor, the board of public works, or superintendent of public works, or any regular policeman at least forty-eight hours previous to such damage or injury."

WILLIAMS, J., dissented.

APPEAL by the defendant, The City of Watertown, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Jefferson on the 27th day of January, 1903, upon the verdict of a jury for $300, and also from an order entered in said clerk's office on the 22d day of January, 1903, denying the defendant's motion for a new trial made upon the minutes.

*Fred A. Baldwin,* for the appellant.

*C. B. McCormick,* for the respondent.

SPRING, J. :

The plaintiff claims to have fallen upon a ridge of ice February 14, 1902, on the sidewalk on Elizabeth street in the city of Watertown and sustained injuries for which she has recovered in this action. The negligence of the defendant and the plaintiff's freedom from fault were questions of fact and have been disposed of by the jury in her favor.

The charter of the city of Watertown (Laws of 1897, chap. 760, § 296) provides that the city "shall not be liable for the damage or injury sustained by any person in consequence of any sidewalk or crosswalk in said city being out of repair, unsafe, dangerous or obstructed by snow, ice or other wise, unless actual notice of the defective, unsafe or obstructed condition of said sidewalk or cross-

walk shall have been given to the mayor, the board of public works, or superintendent of public works, or any regular policeman at least forty-eight hours previous to such damage or injury."

There is no pretense in this case that any of the officers designated were actually notified of the defective condition complained of, but the plaintiff testified that three or four days before the accident she saw Mr. Galloway, the superintendent of public works, walking along this walk, "looking at the sidewalk along where I was hurt, * * * with his head down; he was looking around." The testimony further tends to show that the ridge of snow or ice which was about two and one-half feet long, eight or nine inches in width and three or four inches high, remained substantially unchanged from the time the superintendent was said to have gone over it until plaintiff fell. The jury were allowed to find actual notice based upon the plaintiff's testimony as given above.

The simple question is, therefore, whether the requirement of actual notice as a prerequisite to the maintenance of the action is met by showing that the officer to whom such notice should be given had an opportunity to observe the particular defect complained of. The object of the charter provision in regulating the mode of procedure obviously is to prevent a recovery for negligence based upon constructive notice of a defect in a sidewalk. While the provision should be given a fairly liberal construction against the city (*Sprague v. City of Rochester*, 159 N. Y. 20), actual notice of the existing defect for the period stated must in some way be brought home to one of the officials named. We have been unable to find any authority exactly in point. In *Smith v. City of Rochester* (79 Hun, 174; affd. on opinion below, 150 N. Y. 581) the plaintiff was injured by stepping between two planks composing the walk and which had become separated. The walk was a temporary one and it was claimed that the city was liable because these planks were not spiked to the underlying sleepers or supports. The sole question considered on the appeal was the sufficiency of the notice as the provision in the charter of the city required actual notice of the defect for a definite period before the injury. One Armbruster was a member of the executive board and concededly actual notice to him of the defect would have been sufficient. He was sworn as a witness and testified that he had passed over the

walk two or three days before the accident; that he had caused barrels and other obstructions to be removed therefrom; that he observed the walk was a temporary one, but gave no particular attention to it and did not observe that the planks had not been fastened. The court held this did not establish the notice intended by the charter requirement, saying: "It was not sufficient for the plaintiff to show that Mr. Armbruster was negligent in not discovering the defects, but under the provisions of the charter, in order to have been entitled to go to the jury with the case, the evidence must have tended to show that Armbruster had actual knowledge of the defect."

Nor are we of the opinion that the case of *McNally* v. *City of Cohoes* (127 N. Y. 350), also a case of a fall upon an icy sidewalk where the sufficiency of the notice under a similar charter requirement was passed upon, aids the respondent. In that case the defendant's superintendent had passed over the sidewalk several times prior to the accident, observing that there was ice on the walk but testified that it was covered with ashes. There was no proof of actual notice, and the court held that the proof was insufficient to establish notice as there had been a change in the condition of the walk after his observation of it. The only pertinence the case has is that under the facts of that case the court held the circumstances did not establish that the superintendent knew of the dangerous condition of the walk.

The defect in the present case was a small hummock of ice or snow. The weather was cold, and in the climate of Watertown in freezing weather a patch of snow of this kind was not unusual. There is no proof that the superintendent was on a tour of inspection when it is claimed he might have discovered this defective condition. The most that can be said of his conduct is that he was walking casually along looking "down" and "around," but that does not tend to show he actually saw this little pile of packed snow. To be sure, actual notice may be proven by circumstances, but they must be of that character which is convincing in establishing that notice in fact was given. To hold that because an officer passed by a slight and not unusual defect he must have appreciated its existence, is to emasculate the requirement of its efficiency, without discussing in what instances circumstances may be adequate to show the neces-

sity of actual notice has been fairly complied with. We deem the evidence in this case to be inadequate for that purpose.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred, except WILLIAMS, J., dissenting.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event, upon questions of law and facts.