(139 App. Div. 446.)

CONWAY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

1. MUNICIPAL CORPORATIONS (§ 816*)—ACTION AGAINST CITY FOR NEGLIGENCE —CONDITIONS PRECEDENT—PLEADING AND PROOF.

In an action against a city for negligent personal injuries, notices required by its charter and Laws 1886, c. 572, § 1, forbidding action unless notice of intention to commence suit and of the time and place at which injuries were received is filed within six months after the cause of action accrued, are conditions precedent which must be alleged and proved.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1715; Dec. Dig. § 816.*]

2. DEATH (§ 39*)—LIMITATION OF ACTIONS—COMPUTATION OF PERIOD—AC-CRUAL OF CAUSE OF ACTION.

In a death case the cause of action is deemed to have accrued on the appointment of the executor or administrator, and the time limited by Laws 1886, c. 572, § 1, for suing a city for a negligent death within one year after the cause of action accrued begins to run on such appointment.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 54, 55; Dec. Dig. § 39.*]

3. MUNICIPAL CORPORATIONS (§ 812*)—ACTION AGAINST CITY FOR NEGLIGENT DEATH—NOTICES PRECEDENT THERETO—TIME FOR SERVICE.

So likewise the time limited by the same statute as to the service within a certain time after the cause of action accrued of a notice of intention to sue therefor, and of the time and place at which the injuries were received, begins to run on such an appointment.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 812.*]

4. LIMITATION OF ACTIONS (§ 72*)—COMPUTATION OF PERIOD—EFFECT OF IN-FANCY.

In case of infancy the running of the limitation of one year provided by Laws 1886, c. 572, § 1, as to an action against a city for negligent personal injuries, is suspended by reason of the exception contained in Code Civ. Proc. § 396.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 390–398; Dec. Dig. § 72.*]

5. ABATEMENT AND REVIVAL (§ 65*)—SURVIVAL OF CAUSE OF ACTION.

A cause of action against a city for negligent death survives the death of a personal representative entitled to sue therefor.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. § 331; Dec. Dig. § 65.*]

6. LIMITATION OF ACTIONS (§ 80*)—TIME—DEATH.

Before expiration of the year limited by Laws 1886, c. 572, § 1, for commencing an action against a city for a negligent death, the cause of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

action for which survives, the administrator of deceased died, and a new representative was appointed, who commenced suit within a year thereafter as permitted by Code Civ. Proc. § 402, providing that if a person entitled to sue dies before expiration of the time limited therefor, and the cause survives, action may be commenced by his representative within one year after his death. The suit was also commenced within two years, from the time of the death of decedent as limited by section 1902. *Held*, that it was commenced in time.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 424–430; Dec. Dig. § 80.*]

Ingraham, P. J., and Dowling, J., dissenting.

Exceptions from Trial Term, New York County.

Action by H. Conway, administrator d. b. n. of Thomas H. Sim, deceased, against the City of New York. On exceptions to the dismissal of the complaint, ordered to be heard in the first instance by the Appellate Division. Exceptions sustained, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, MILLER, CLARKE, and DOWLING, JJ.

Hellmuth Moerchen, for plaintiff.

Archibald R. Watson, Corp. Counsel (Theodore Connoly, of counsel, and Clarence L. Barber, on the brief), for defendant.

CLARKE, J. This action was brought against the city to recover damages for the death of Thomas H. Sim on May 11, 1906, alleged to have been caused by the dangerous, unsafe, and defective condition of Eighth avenue due to the negligence of the defendant. The sole question presented is one of law: Was the action commenced within the time limited by statute?

The complaint alleges that on June 13, 1906, letters of administration were duly issued to Mary Sim, widow of decedent, who duly qualified; that on December 12, 1906, she duly served notice of her intention to sue upon the corporation counsel, and duly served demand and claim upon the comptroller, and such service was within six months after the accrual of the cause of action herein; that at least 30 days have elapsed since the filing of the demand with the comptroller; that he has refused to make any adjustment for more than 30 days; that the said Mary Sim died February 1, 1907; that on August 5, 1907, letters of administration de bonis non upon the estate of said Thomas H. Sim were duly issued to this plaintiff, who duly qualified. The answer alleges that the notice alleged to have been served upon December 12, 1906, was not served within six months after the cause of action accrued to plaintiff herein. As a separate defense it alleges that this cause of action was not brought within one year after the cause of action accrued, pursuant to chapter 572 of the Laws of 1886.

It was conceded that on January 8, 1907, Mary Sim, then administratrix, was examined by the corporation counsel, pursuant to notice from the comptroller as prescribed by the charter (section 149, c. 466, Laws 1901); that on February 1, 1907, she died, leaving two infant

daughters; that on August 5, 1907, Hugh Conway was appointed administrator de bonis non; and that on September 19, 1907, this action was commenced. It was also conceded that no action was commenced by Mary Sim in her lifetime.

· A motion to dismiss the complaint was made on the ground that it was not commenced within one year after the cause of action therefor had accrued. The motion was granted and exception duly taken.

Section 1 of chapter 572 of the Laws of 1886 provides that:

"No action against the mayor, aldermen and commonalty of any city in this state having 50,000 inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor, aldermen and commonalty or of any department, board, officer, agent or employé of said corporation, shall be maintained, unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action, and of the time and place at which the injuries were received, shall have been filed with the counsel to the corporation or other proper law officer thereof, within six months after such cause of action shall have accrued."

In Bernreither v. City of New York, 123 App. Div. 291, 107 N. Y. Supp. 1006 (affirmed 196 N. Y. 506, 89 N. E. 1096, "upon the ground that the notice of intention to sue required by the act of 1886, and the demand required by the provisions of the city charter are concurrent to their obligations, both being conditions precedent to the right to maintain the action"), we said:

"This statute is a statute of limitations, in that it limits the time within which an action for negligence can be maintained against the city to one year after the cause of action therefor shall have accrued. It also requires as a condition precedent that notice of intention to sue shall have been filed with the law officer of the city within six months after such cause of action shall have accrued."

It is thus authoritatively settled that the service of the notices required by the charter and the act of 1886 are conditions precedent, which must be alleged and proved; and it is equally well settled:

1. That in a death case the cause of action is deemed to have accrued upon the appointment of the executor or administrator, and the time limited then begins to run.

In Crapo v. City of Syracuse, 183 N. Y. 395, 76 N. E. 465, an action to recover for death for negligence, Judge Cullen said:

"I am of opinion that the action is one for personal injuries within the meaning of chapter 572 of the Laws of 1886. * * * I am of opinion, however, that the plaintiff's cause of action did not arise until her appointment as administratrix for the reason stated by Justice Bradley in Barnes v. City of Brooklyn, 22 App. Div. 520 [48 N. Y. Supp. 36], and that therefore the notice required by the statute of 1886 was seasonably served and the action seasonably brought. * * * The limitations provided in the law of 1886 are not substitutional for the provisions of the Code, which are in no respect repealed, but cumulative. An action for personal injuries against a city of more than 50,000 inhabitants must be brought in compliance not only with the statute of 1886, but with the provisions of the Code. Section 1902 of the Code of Civil Procedure requires an action by personal representatives to recover damages for their decedent's death to be brought within two years after that death. This effectually cuts off stale claims. In the present case the action was brought within the Code period."

*Judge O'Brien in the same case stated the facts as follows:*

"The intestate was killed while in the service of the defendant by an explosion of dynamite on the 22d of December, 1899. The plaintiff was appointed administratrix on the 8th day of May, 1901. This action was commenced on the 9th day of December, 1901, and the notice required by statute to be served was not filed with the corporation counsel until the 25th day of January, 1901. It will be seen, therefore, that the statutory notice was filed with the defendant's counsel within two months after the plaintiff's appointment as administratrix. The action was commenced within 20 months after the accident and death and within 5 months after letters were issued. * * * By section 415 of the Code of Civil Procedure, it is provided that limitations 'must be computed from the time of the accruing of the right to relief by action * * * to the time when the claim to that relief is actually interposed by the party, as a plaintiff or a defendant, in the particular action or special proceeding.' This is a plain provision that the right of action does not accrue until some one is in a position to bring and maintain the action, and the limitations must be computed from that time up to the time that the action is actually commenced. The notice which the statute requires to be served within six months after the cause of action has accrued must contain a statement that the party giving the notice intends to commence an action. The absence of such a statement vitiates the notice. Curry v. City of Buffalo, 57 Hun, 25 [10 N. Y. Supp. 392]. Who is to give the notice? It is very obvious that, inasmuch as no one can bring such an action except a personal representative of the decedent, the notice must come from him, and of course he cannot give any such notice until his appointment. * * * These considerations that are fairly deduced from a reading of the statute, and other statutes in pari materia, point clearly to the conclusion that the cause of action does not accrue until the personal representative of the decedent has been duly appointed."

Four of the learned judges, the question being squarely up, held that in a death case the cause of action did not accrue until the appointment of the administrator, but that section 1902 of the Code of Civil Procedure, giving a right of action for death caused by negligence to the executor or administrator, limited that right by express language:

"Such an action must be commenced within two years after the decedent's death."

2. That in cases of infancy the running of the statute of limitations of one year provided by chapter 572 of the Laws of 1886 is suspended by reason of the exception contained in section 396 of the Code of Civil Procedure.

In McKnight v. City of New York, 186 N. Y. 35, 78 N. E. 576, the plaintiff was injured on the 15th of June, 1897, and the action was not commenced until the 21st of January, 1902. It was conceded that at the time of the accident the plaintiff was an infant under the age of 14 years. Said Willard Bartlett, J.:

"The question presented for determination is whether this action is barred by chapter 572 of the Laws of 1886. * * * It is the contention of the appellant that this statute was not operative against the plaintiff during his infancy by reason of the exception contained in section 396 of the Code of Civil Procedure, the material part of which reads as follows: 'If a person, entitled to maintain an action specified in this title (which includes negligence actions, see section 383, subd. 5) * * * is, at the time when the cause of action accrues, * * * within the age of twenty-one years, * * * the time of such a disability is not a part of the time limited in this title for commencing the action.' Section 396 is found in chapter 4 of

Code Civ. Proc., which also contains in section 414 the following declaration: 'The provisions of this chapter apply, and constitute the only rules of limitation applicable, to a civil action or special proceeding, except in one of the following cases. (1) A case where a different limitation is specially prescribed by law, or a shorter limitation is prescribed by the written contract of the parties.' * * * The effect of the one-year limitation prescribed by the act of 1886 was to amend by implication section 383 of the Code of Civil Procedure by reducing the period of limitation in actions for personal injuries due to negligence from three years to one. * * * In this change we can find no evidence of a legislative intent to deprive an injured infant in such cases of the benefit of the general exception contained in section 396, which prevents the statute of limitations from running against a claimant while the disability of infancy exists. * * * We hold that while chapter 572 of the Laws of 1886 created a special limitation in respect to negligence (personal injury) suits against a particular class of defendants, it left that special limitation, like the general limitations prescribed in chapter 4 of the Code of Civil Procedure, subject to suspension during the existence of any of the disabilities specified in section 396, one of which is infancy."

In the case at bar Mary Sim, the first administratrix, having been appointed on June 13, 1906, and having duly filed her notice of claim and intention to sue within the six months' period limited by the statute as interpreted supra, and having been examined by the representative of the city—so that one of the important purposes intended to be accomplished by the statute which required prompt notice was fulfilled, namely, to advise the city of the time, place, and circumstances, so that it might investigate and prepare a defense—died on February 1, 1907, before she had instituted the action and before her time to sue under the act of 1886 had expired.

The plaintiff, who was not appointed administratrix de bonis non until August 5, 1907, began this action on September 19, 1907, and claims to come within section 402 of the Code of Civil Procedure, which provides:

"If a person entitled to maintain an action, dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his representative after the expiration of that time and within one year after his death."

It must be admitted that he does not come within the literal wording of that section. The person who died, entitled to maintain an action, was Mary Sim. The plaintiff is not the administratror de bonis non of Mary Sim, but of Thomas H. Sim, the original decedent. This cause of action is, however, peculiarly the creature of statute. It is itself a representative action; it can only be brought by the executor or administrator of a decedent; and the recovery is exclusively for the benefit of the decedent's husband or wife and next of kin, and when collected the damages must be distributed as if they were unbequeathed assets left in his hands after payment of all debts and expenses of administration. Sections 1902, 1903, Code Civ. Proc.

There is no doubt that the cause of action survives. Matter of Meekin v. B. H. R. R. Co., 164 N. Y. 145, 58 N. E. 50, 51 L. R. A. 235, 79 Am. St. Rep. 635, was an appeal from an order modifying and affirming as modified an order of the Special Term reviving and continuing an action which had been brought by Charles Meekin, as administrator of his deceased daughter, against the defendant to re-

cover damages for her death. The issue had been joined and the action placed on the calendar for trial. Upon a petition showing the foregoing facts, Clara Meekin applied for an order to revive and continue the action in her name as plaintiff. The Appellate Division certified the following question:

"Does an action to recover damages for negligently causing the death of his intestate survive the death of the administrator, who was also the father and sole next of kin of the deceased, where such intestate left her surviving other persons, who, had such father not survived said intestate, would have been next of kin of such deceased?"

The court said:

"As, in the language of the statute, 'the damages awarded to the plaintiff' are to be estimated on the basis of a 'fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action is brought,' we think the injury is for a wrong done 'to the property, rights or interests' of the beneficiary, and that, hence, the cause of action survives; the recovery, if any, being part of his estate, the same as it would have been if collected and paid over before his death. The order appealed from should, therefore, be affirmed, with costs, and the question certified to us answered in the affirmative."

Therefore, as this is a representative suit, as it could only be instituted and maintained by a representative of the estate of Thomas H. Sim, as such representative complied with all the conditions precedent and then died before the expiration of the time limited for the commencement of the suit, and the cause of action survived and a new representative of the estate had been appointed who commenced this suit within one year after the death of the prior representative and within the two years from the time of the death of the decedent as limited by section 1902 of the Code of Civil Procedure, it seems to me we are entirely within the spirit of the interpretation by the Court of Appeals of this statute of 1886, in connection with the provisions of the Code of Civil Procedure, as illustrated in the cases cited supra, in holding that this action was commenced in time.

It follows, therefore, that the exceptions should be sustained, and a new trial ordered, with costs to the appellant to abide the event.

McLAUGHLIN and MILLER, JJ., concur.

INGRAHAM, P. J. (dissenting). By section 1 of chapter 572 of the Laws of 1886 the time within which this action must have been commenced was one year after the cause of action accrued, and the cause of action accrued upon the appointment of Mary Sim, widow of the decedent, as his administratrix on June 13, 1906.

Under the express provisions of the statute, the administratrix had one year after her appointment to commence an action, and unless that time was extended by some other provision of law the cause of action not having been commenced within one year after it accrued, the statute of limitation had run. The Court of Appeals have held, in Matter of Meekin v. B. H. R. R. Co., 164 N. Y. 145, 58 N. E. 50, 51 L. R. A. 235, 79 Am. St. Rep. 635, that the injury is for a wrong done to the property, rights, or interests of the decedent's next of

kin, and therefore the cause of action survives the death of the administratrix who commenced the action. And that court also held, in McKnight v. City of New York, 186 N. Y. 35, 78 N. E. 576, that the effect of the one-year limitation prescribed by the act of 1886 was to amend by implication section 383 of the Code of Civil Procedure by reducing the period of limitation in action for personal injuries due to negligence against a city having a population of over 50,000 inhabitants from three years to one, and the limitation prescribed was therefore subject to suspension during the existence of any of the disabilities specified in section 396 of the Code of Civil Procedure. Thus, if Mary Sim had as administratrix commenced an action within the year, the fact of her subsequent death would not abate the action, but it should be continued, not by her personal representative, but by a new administratrix of the estate of the decedent whose death gave rise to the cause of action. None of the disabilities mentioned in section 396 of the Code of Civil Procedure existed, and therefore the time within which the action must be brought was not suspended by reason of the provisions of this section.

The plaintiff, however, claims that this case comes within section 402 of the Code of Civil Procedure, and that claim is upheld by a majority of the court. The prevailing opinion, however, admits that the plaintiff does not come within the literal wording of that section, and it seems to me that he does not come within the spirit or intent of the section. It is there provided that:

"If a person entitled to maintain an action, dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his representatives after the expiration of that time and within one year after his death."

The object of this provision is clearly to provide a time for the appointment of a personal representative of a deceased person who had a right to maintain an action so that in a case where the statute had not run at the time of the death of a person entitled to maintain an action it could be brought by his personal representative. The section does not in express terms extend the time within which an action may be brought, but provides that in case of the death of a person entitled to maintain an action it may be brought by the personal representative of the deceased within one year after his death. By its terms it only applies to a cause of action which had vested in the personal representative of the deceased person to whom the right cause of action belonged. As before stated, this provision of section 402 of the Code of Civil Procedure only allows the representative of a deceased person to commence an action within one year after the death of the person entitled to maintain it. Mary Sim, the deceased, was authorized to commence the action in a representative capacity as the administratrix of the person whose death gave rise to the cause of action and for the benefit of the widow and next of kin of the decedent. Her personal representatives have not sought to avail themselves of the provisions of this statute to commence the action. There is nothing in the statute which authorizes the action to be brought after a period of one year from the time the cause of action

accrued by a substituted administrator. The administrator of the estate of Thomas H. Sim seeks to maintain this action commenced more than one year after the cause of action accrued under the provision of a section of the Code which authorizes an action to be commenced after that time by the personal representative of Mary Sim.

It seems to me that this section is not at all applicable, and I think the judgment should be affirmed.

DOWLING, J., concurs.