## GREGORIUS v. CITY OF CORNING.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

**1.** CONSTITUTIONAL LAW (§ 321*)—DEFECTIVE WAYS—NOTICE—CONSTITUTIONAL LAW.

Laws 1905, c. 142, § 30. exempting a city from liability for injury caused by defective ways, unless notice of the unsafe condition has been given to the mayor or the city clerk a reasonable time previously, is constitutional.

[Ed. Note.—For. other cases, see Constitutional Law, Cent. Dig. §§ 950, 952–955; Dec. Dig. § 321.*]

**2.** MUNICIPAL CORPORATIONS (§ 788*)—DEFECTIVE WAYS—"NOTICE."

Notice under Laws 1905, c. 142, § 30, exempting a city from liability for injury caused by defective ways, unless notice of the unsafe condition has been given to the mayor or the city clerk a reasonable time previously, must be actual as distinguished from constructive notice.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1641–1643; Dec. Dig. § 788.*

For other definitions, see Words and Phrases, vol. 5, pp. 4839–4844; vol. 8, p. 7733.]

**3.** MUNICIPAL CORPORATIONS (§ 790*) — DEFECTIVE WAYS — "NOTICE"—SUFFICIENCY.

Notice to a sidewalk inspector and to one member of the board of public works of a defective sidewalk was not notice to the mayor within Laws 1905, c. 142, § 30, exempting a city from liability for injury caused by defective ways, unless notice of the unsafe condition has been given to the mayor or the city clerk a reasonable time previously.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1645, 1646; Dec. Dig. § 790.*]

Kruse and Williams, JJ., dissenting.

Exceptions from Trial Term, Steuben County.

Action by Mary K. Gregorius against the City of Corning. On plaintiff's exceptions and motion for new trial. Exceptions overruled, motion denied, and judgment directed for defendant.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Frank J. Saxton, for plaintiff.
James O. Sebring, for defendant.

ROBSON, J. Plaintiff seeks to recover of defendant damages for personal injuries due to a fall upon a defective walk in the city of Corning.

Defendant's charter provides that:

"The city shall not be liable for any injury caused by such highways, streets, alleys, sidewalks or crosswalks (i. e., the highways, streets, alleys, sidewalks and crosswalks of the city) being out of repair, or dangerous from snow, ice, or unlawful obstructions, unless actual notice of the unsafe or dangerous condition thereof has been given to the Mayor or the city clerk of said city a reasonable time before the happening of the injury." Laws 1905, c. 142, § 30.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Plaintiff's complaint was dismissed by the trial court on the ground that it appeared from plaintiff's opening that actual notice of the defective condition of the walk on which plaintiff fell and was injured had not been given either to the mayor or the city clerk, as required by the statute above quoted. The constitutionality of this provision of the statute must be conceded, and, however, harsh or unjust it may seem to be in its operation, correction must be sought elsewhere than in the courts. MacMullen v. City of Middletown, 187 N. Y. 37, 79 N. E. 863, 11 L. R. A. (N. S.) 391. Plaintiff's claim that actual notice of the defective condition of the walk in question was given to the mayor of the city within the fair meaning of the statute is based solely upon the fact that a sidewalk inspector and one member of defendant's board of public works did, in fact, know of the defective condition of the walk some considerable time before the accident, and that, as the sidewalk inspector was authorized, and it was his duty, to go ahead and repair the walk without referring the matter to the board of public works, and as the mayor was a member of the board of public works, which board had charge of the streets and alleys of the city and power to repair defective walks therein, it followed that actual notice had been given to the mayor and the requirement of the statute had thus been met. The mayor is a member and ex officio the president of the board of public works, but has no vote therein. Section 119 of the charter. It is not claimed that either of the two officers of defendant who had actual knowledge of the condition of this walk did, in fact, impart that knowledge to the mayor. Nor is it claimed that it was the duty or custom of those officers to call the attention of the mayor to such facts coming to their attention; nor that either of them was delegated by the mayor to receive, or act for him in receiving, such notice. Actual notice to the mayor of the condition of this walk imports that he had information, intelligence, or knowledge of it. McNally v. City of Cohoes, 127 N. Y. 350, 353, 27 N. E. 1043. This is what the statute requires should in some way be given either to the mayor or the city clerk. This information, intelligence, or knowledge may be given in any way so that it be actually—that is, in fact, as distinguished from constructively—given. MacMullen v. City of Middletown, supra; McManus v. City of Watertown, 88 App. Div. 361, 84 N. Y. Supp. 638. The facts upon which plaintiff relies, while perhaps sufficient to show constructive notice, fall far short of proving the actual notice required by the statute, and plaintiff's cause of action fails for that reason. Plaintiff's counsel seems to rely largely on the cases of Sprague v. City of Rochester, 159 N. Y. 20, 53 N. E. 697, and Elias v. City of Rochester, 49 App. Div. 597, 63 N. Y. Supp. 712, affirmed 169 N. Y. 614, 62 N. E. 1095. Neither of these cases seems to be an authority in support of his position. In each case it was held that the evidence was sufficient to warrant a finding that notice was in fact given to, or received by, an officer, or authority, to whom such notice could be given under the terms of the statute there in question.

Plaintiff's exceptions overruled, motion for new trial denied, and judgment directed for defendant with costs. All concur, except WILLIAMS and KRUSE, JJ., who dissent in a memorandum by KRUSE, J.

KRUSE, J. (dissenting). I think the complaint should not have been dismissed. It states a good cause of action. It is not necessary to show by direct evidence that notice of the defect had been given to the mayor or clerk. That fact may be established indirectly, by circumstances. The duty of maintaining streets and sidewalks in the defendant city is upon the commissioners of public works, of which the mayor is chairman. If a person employed by the commissioners and one of the commissioners himself had notice of the defect, as is claimed by the plaintiff, that fact, with the surrounding circumstances, in the absence of any proof to the contrary, is sufficient, as I think, to show that the mayor had actual notice of the defect. Such an inference is entirely reasonable.

A motion to dismiss the complaint upon the opening practically challenges the sufficiency of the complaint (Hoffman House v. Foote, 172 N. Y. 348, 65 N. E. 169); and counsel's opening should be considered in connection with the allegations of the complaint. Furthermore, the object of requiring notice to the mayor or clerk is that the officers whose duty it is to maintain the streets and sidewalks are apprised of the defect, to the end that the officers may make them safe. That duty is imposed by the defendant's charter upon the commissioners of public works, as has been stated; not upon the mayor or clerk. If the commissioners had actual notice of the defect in question, as is claimed, nothing further would be accomplished by giving notice to the mayor or clerk. It seems to me that under such circumstances it was not necessary to give notice to the mayor or clerk to make the city liable for the failure of its officers to perform a duty which the statute imposes upon the city.

I vote for reversal.

WILLIAMS, J., concurs.