# THE·

# NEW YORK SUPPLEMENT

## VOLUME 131

CASEY v. AUBURN TELEPHONE CO.

(Supreme Court, Special Term, Cayuga County. September 23, 1911.)

1. PLEADING (§ 30\*)—COMPLAINT—CLERICAL ERRORS.

Clerical and typographical errors in a complaint, which could not have misled defendant, will not vitiate the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 51; Dec. Dig. § 30.\*]

2. PLEADING (§ 345\*)—JUDGMENT ON PLEADINGS—QUESTION DECIDED.

The question of whether a defect in a sidewalk claimed to have been caused by defendant telephone company was so deep as to constitute negligence cannot be determined on a motion for judgment on the pleadings in an action for injuries caused by such negligent condition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. § 345.\*]

3. DEATH (§ 38\*)—RIGHT OF ACTION—ACTION BY ADMINISTRATOR.

Under Code Civ. Proc. § 1902, permitting an administrator of a decedent leaving next of kin, within two years from decedent's death, to maintain an action for damages for a wrongful act causing decedent's death, the administrator of a decedent could maintain an action for damages for the benefit of the next of kin within two years from decedent's death, though decedent had, before her death, brought an action for personal injuries caused by the wrongful act.

[Ed. Note.—For other cases, see Death, Cent. Dig.· § 53; Dec. Dig. § 38.\*]

4. MUNICIPAL CORPORATIONS (§ 790\*)—SIDEWALKS—LIABILITIES FOR DEFECTS—NOTICE OF DEFECT.

Under Auburn City Charter (Laws 1906, c. 185) § 124, before action can be maintained against a city for injuries from a defective sidewalk, the commissioner of public works or a sidewalk inspector must have had actual notice of the defect 48 hours before the accident.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 790.\*]

5. RELEASE (§ 27\*)—JOINT TORT-FEASORS.

While the unconditional release of one joint tort-feasor would preclude an action against the other for the joint wrong, a release to one who was not really liable, jointly or otherwise, for the wrong would not bar an action therefor against the real wrongdoer.

[Ed. Note.—For other cases, see Release, Dec. Dig. § 27.\*]

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

131 N.Y.S.—1

Action by James A. Casey, as administrator of Mary E. Ramsey, deceased, against the Auburn Telephone Company. On defendant's motion for judgment on the pleadings. Motion denied.

Robert J. Burritt and Frank S. Coburn, for plaintiff.
Aiken & Messenger, for defendant.

CLARK, J. James A. Casey, as administrator of the estate of Mary E. Ramsey, deceased, brings this action against the Auburn Telephone Company to recover damages for her death, which it is alleged occurred because of the negligence of defendant, in improperly filling an excavation in the sidewalk in the city of Auburn. It appears from the papers that the accident in question occurred April 13, 1907, and that shortly after the accident Mrs. Ramsey commenced an action against the defendant for her injuries, which action was tried in October, 1910, and which resulted in the dismissal of her complaint, and that after her death in February, 1911, a new trial was granted in that action, and that subsequently this plaintiff was appointed administrator of her estate, and brought this action under the authority of section 1902 of the Code of Civil Procedure.

Defendant asks for judgment on the pleadings, as it has a right to do, under section 547 of the Code, upon the following grounds: First. That the complaint does not state who are the next of kin of Mary E. Ramsey, and it says nothing about injuries to or death of plaintiff's intestate, but refers to Mrs. Ramsey as plaintiff's "testatrix." Second. That the defect in the sidewalk was too slight in its character to charge defendant with negligence. Third. That the complaint does not state when Mary E. Ramsey died, and that consequently it does not appear that the action was brought within two years after decedent's death. Fourth. That Mary E. Ramsey commenced an action against the city of Auburn for this same accident in 1907, which was settled, and that she executed a release to the city, and that such release will bar this action, on the theory that releasing one joint tortfeasor releases all. And these various objections will be considered in their order.

[1] First. I think the first objection is not tenable. While the complaint is inartistically drawn, there is no question as to what the pleader meant, and the defendant could not be misled. The mere calling the intestate the "testatrix," and referring to the next of kin as those of the defendant, is of no special importance, because, when the pleading is read in its entirety, it is plain that the mistakes were merely those which came from misunderstanding dictation, or improperly putting in print what had been dictated; but at most it was only a mistake which could not have misled the defendant, and on the trial it will be quite within the province of the court to amend the pleading to correspond with the facts.

[2] Second. Whether or not the defect in the walk was of sufficient depth so that negligence could be charged should not be disposed of on a motion for judgment, but may well be left for the determination of the trial court as to whether or not the facts as established on a trial would be sufficient.

[3] Third. I think the third objection raised by the learned counsel for defendant is not a good one, and that this action is properly brought under section 1902 of the Code of Civil Procedure. The recovery sought is exclusively for the benefit of the next of kin of the intestate, who concededly died in February, 1911. This plaintiff was appointed administrator of decedent's estate, and brought the action seasonably under the authority of the section of the Code just quoted. It is a very different action from the one which was tried in December, 1910. That was an action brought by Mrs. Ramsey for her personal injuries, to compensate her for her pain and suffering. Upon her death her next of kin were entitled to bring an action to recover any pecuniary damages which they might be shown to have sustained because of her death. While the two actions were brought to recover damages growing out of the same accident, one was in behalf of the person injured to compensate her for pain and suffering. The other, being the creature of the statute, is brought by the administrator in behalf of the next of kin, and when it was brought, as it was in this case, within two years after decedent's death, by her administrator, it is clearly right. Code Civil Procedure, § 1902.

[4] Fourth. The last objection urged by the learned counsel for defendant, that this action cannot be maintained because the decedent brought an action against the city of Auburn for damages growing out of this same transaction, presents the greater difficulty. But, so far as disclosed in the pleadings here, I do not see where the city was a joint tort-feasor with this defendant. The charter of the city of Auburn provides that, where a person is injured on a defective sidewalk, no action can be maintained against the city for damages unless the commissioner of public works or a sidewalk inspector had actual notice of such defect 48 hours before the accident. Laws of 1906, c. 185, § 124. So far as the papers before me show, the city officials never had any such notice, and, if that is so, the city was not liable, and plaintiff's intestate could not have maintained the action which she brought, and which defendant alleges was settled; she executing a release.

[5] If the city had been a joint tort-feasor with defendant, I believe the release in question would have been sufficient to have precluded a recovery in this action, for it contained no reservations or limitations whatever. 11 Abb. Cyc. Dig. 647; Newman v. Stuckey, 10 N. Y. Supp. 760;[1] Gilbert v. Finch, 173 N. Y. 455, 66 N. E. 133, 61 L. R. A. 807, 93 Am. St. Rep. 623. But there is nothing before me to show that the city officials ever had actual notice of these defects, and that being so the city was not liable, and the action that was settled could not have been maintained. Gregorius v. City of Corning, 140 App. Div. 701, 125 N. Y. Supp. 534; McManus v. City of Watertown, 88 App. Div. 361, 84 N. Y. Supp. 638; MacMullen v. City of Middletown, 187 N. Y. 37, 79 N. E. 863, 11 L. R. A. (N. S.) 391. It will thus be seen that, so far as the pleadings here dis-

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 57 Hun, 589.

close, the city was not liable, because no actual notice is shown to have been given as required by the charter. Consequently any release that was executed by plaintiff's intestate would not bar a subsequent action against the real tort-feasor. A release in favor of a party who was not a joint tort-feasor with this defendant, who paid money to buy his peace, would not release the real offender. Hirschfield v. Alsberg, 47 Misc. Rep. 141, 93 N. Y. Supp. 617.

If I am correct in these conclusions, it follows that this motion must be denied, with $10 costs to abide the event.

Ordered accordingly.