An action under Code Civ. Proc. § 1902, providing for an action for wrongful death, was not barred by the three-year limitations, where it was brought within two years after the death, though not until more than three years after the accident.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 54, 55; Dec. Dig. § 39.*]

2. DEATH (§ 37*)—LIMITATION OF ACTIONS—OPERATION AND EFFECT.

An employé's cause of action for injuries is entirely separate from the right of action given under Code Civ. Proc. § 1902, on behalf of his next of kin upon his death, and the fact that the former cause is barred by limitations is no bar to the statutory action for his death.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 52; Dec. Dig. § 37.*]

3. PLEADING (§ 79*)—DEFENSE—"NEW MATTERS."

Where the complaint was so drawn that it could be claimed that the action was brought for damages under a common-law liability as well

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as under the Employer's Liability Act (Consol. Laws 1909, c. 31, §§ 200–204), the defendant, under a general denial, could prove failure to serve the 120-day notice, under the Employer's Liability Act, and failure to bring the action within one year after date of accident; and hence these were not "new matters" proper to be set up as a defense under authority of Code Civ. Proc. § 500.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 160, 161; Dec. Dig. § 79.*

For other definitions, see Words and Phrases, vol. 5, pp. 4786, 4787.]

Action by Sarah Kelliher, as administratrix, against the New York Central & Hudson River Railroad Company. Trial of issues raised by plaintiff's demurrer to certain defenses. Demurrer sustained.

James O. Sebring, for plaintiff.
John B. Stanchfield (Halsey Sayles, of counsel), for defendant.

CLARK, J. The complaint in this action alleges that Daniel Kelliher, plaintiff's intestate, while in the employ of defendant, was injured November 22, 1906, through defendant's negligence, and that as the result of said injuries he died February 24, 1912. The defendant by its answer alleges that the cause of action was not brought within three years after the accident occurred, and that notice was not served within 120 days thereafter, under the Employer's Liability Act, and also that the action was not brought within one year after the happening of the accident. Plaintiff demurs to each one of these defenses on the ground that they are insufficient in law on the face thereof.

[1] Plaintiff's intestate never brought any action against defendant during his lifetime, and defendant urges that, because decedent did not bring an action within three years, it was barred by the statute, and that no right of action existed in him at the time of his death, and consequently plaintiff could not maintain this action.

The recovery sought here is exclusively for the benefit of the next of kin of Daniel Kelliher, deceased. This cause of action is purely the creature of the statute, being unknown to the common law. By its terms, upon Mr. Kelliher's death his representatives for the next of kin were entitled to bring an action to recover for pecuniary damages which they might be shown to have sustained because of his death. It is a very different cause of action from that which decedent might have brought against the company for his damages growing out of the same transaction. His action would have been to compensate him for his pain and suffering. This action, being the creature of the statute, is brought by the administrator in behalf of the next of kin. It did not accrue until decedent's death and an administrator had been appointed, and when it was brought, as it was in this case, within two years after his death by his administrator, it seems to me it was brought seasonably. Code Civil Procedure, § 1902; Casey v. Auburn Telephone Co. (Sup.) 131 N. Y. Supp. 1.

[2] It does not impress me that it is important whether or not plaintiff's intestate had a right of action against defendant at the

time of his death. If his injuries occurred as the result of defendant's negligence, and when he was free from negligence, he surely would have had a right of action at some time against defendant for his damages; but such action for damages for his pain and suffering was personal to Mr. Kelliher, and became extinct on his death—indeed, became so because of his failure to bring the action within three years.

I do not think the case of Hodge v. Rutland R. R. Co., 112 App. Div. 142, 97 N. Y. Supp. 1107, cited by the learned counsel for defendant, is a controlling authority on the proposition that the representatives of a deceased person can maintain an action under section 1902 of the Code, only when a right of action in the deceased existed at the time of his death. In that case plaintiff's intestate, in consideration of a free passage on one of defendant's trains, voluntarily assumed the risk of accident or damage to his person, and released the company in advance from any claims for damages on account of any personal injuries that might be sustained by him, whether caused by the negligence of the company or otherwise, so that in that case, by the contract he signed, plaintiff's intestate foreclosed himself from ever maintaining any action for damages for personal injuries. He never had and never could have such a right of action because of the release he signed.

In the case at bar we must assume on the issue raised by the demurrer that the plaintiff's intestate died as the result of injuries received because of defendant's negligence, and defendant would have been liable in an action in favor of decedent if it had been seasonably brought, and the mere fact that he never brought an action to recover for his personal injuries for pain and suffering furnishes no reason why his next of kin should be deprived of a cause of action against defendant for pecuniary damages they sustained because of his death, if it was occasioned by defendant's negligence. While the causes of action arose out of the same transaction, they are entirely separate and distinct.

I am not cited to, and have not found, any New York case which holds the doctrine contended for by the defendant here.

This is not an attempt to continue or revive a cause of action that may have existed in favor of decedent. This cause of action is the creature of the statute and did not accrue until Mr. Kelliher's death, and the appointment of an administrator.

Section 383 of the Code does not apply here, for this action is not to recover damages for personal injuries. That would be an action for the pain and suffering endured by the person injured. This is an action in behalf of the next of kin to recover for their pecuniary damages sustained because of the death of Mr. Kelliher, and in no way involves any damages for his personal injuries, and, so long as the action was brought within two years after his death, it is in time. Code Civil Procedure, § 1902.

This action is brought under the section just cited, and it does not say that an executor or administrator may maintain an action of this character only when the decedent would have had a right of action

at the time of his death, and the court would not be justified in reading into the statute something which it does not plainly contain.

It seems to me that the case of Conway v. City of New York, 139 App. Div. 446, 124 N. Y. Supp. 660, which is not cited in any brief submitted in this case, is decisive of the point raised by defendant. In that case intestate's administrator brought an action against the city of New York to recover damages for his death, which occurred May 11, 1906, alleged to have been occasioned by the defendant's negligence. The statute provided that in actions against cities having 50,000 inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the negligence of the city, they must be commenced within one year after the cause of action should have accrued. It was conceded on the trial that no action was commenced within that time, and the complaint was dismissed. The judgment of the trial court was reversed on the ground that the action, being brought under section 1902 of the Code, did not accrue until the appointment of an administrator, and that, inasmuch as the action had been brought by the representative within two years after decedent's death, it was in time.

I feel confident that this cause of action, being purely the creature of the statute for the benefit of the next of kin, cannot be defeated simply because intestate may have permitted his right of action for his personal injuries, pain, and suffering, to lapse. The cause of action here resulted from the death of Mr. Kelliher. It did not accrue during his lifetime, nor until letters of administration were granted upon his estate, and, so long as it was brought within two years after the date of his death, it is clearly in time. Conway v. City of N. Y., 139 App. Div. 446, 124 N. Y. Supp. 660; Weber v. Third Ave. R. R. Co., 12 App. Div. 512, 42 N. Y. Supp. 789; Crapo v. City of Syracuse, 183 N. Y. 395, 76 N. E. 465; Casey v. Auburn Tel. Co. (Sup.) 131 N. Y. Supp. 1; Barnes v. City of Brooklyn, 22 App. Div. 520, 48 N. Y. Supp. 36.

For the foregoing reasons, plaintiff's demurrer to the defense that more than three years had elapsed between the happening of the accident and the commencement of the action is sustained.

[3] Plaintiff also demurs to the separate defenses in the answer of the failure to serve a 120 days' notice, as required by the Employer's Liability Act, and also the lapse of more than one year between the happening of the accident and the commencement of the action, as being insufficient in law on the face thereof.

The complaint is drawn so that it could be claimed that it was brought for damages under a common-law liability as well as under the Employer's Liability Act.

If the allegations in the answer last above referred to set up as separate defenses are true, the question is whether they would constitute defenses. In view of the way this complaint is drawn, I do not think they would. "A defense" in pleading should consist of new matter constituting a defense. Code Civil Procedure, § 500.

The new matter referred to should be such that it would defeat the action even though all of the allegations of the complaint were true.

In view of the form of this complaint, and in view of the fact that there are woven into it allegations of liability both under the common law and under the statute, these so-called defenses certainly cannot defeat the action if *all* of the allegations of the complaint be taken as true.

The matters alleged in the defenses that the notice was not served within 120 days under the Employer's Liability Act, and also that the action was not brought within one year after the happening of the accident, could be proven under the issues raised by the denials in the answer, and matters which can be thus proven are not to be deemed "new matter" which would constitute a defense. Therefore the demurrer to the defenses of failure to serve the 120 days' notice and failure to bring the action within one year after date of accident is likewise sustained, with costs.