OPINION OF THE COURT
W. Patrick Falvey, J.
The court notes that the matter at bar concerns a unique question within the framework of the facts presented. The *578 plaintiff, through his attorney, moved this court for an order striking the defendant’s first affirmative defense of improper service on the defendant and the defendant cross-moved for summary judgment dismissing the plaintiff’s complaint, pursuant to CPLR 3211 and 3212.
The motions were argued by counsel on May 21, 1990. At that time the defendant first asserted in its affidavit in support of the cross motion, that the plaintiff’s complaint must also be dismissed due to his failure to state a cause of action (CPLR 3211 [a] [7]). The defendant alleges that the plaintiff failed to first file a notice of claim pursuant to section 514 of the Racing, Pari-Mutuel Wagering and Breeding Law. This failure to file, defendant asserts, is jurisdictional and requires dismissal of the complaint.
At the conclusion of the arguments this court granted the plaintiff’s motion to strike the defendant’s first affirmative defense of improper service and denied the defendant’s motion for summary judgment. The court reserved on the notice of claim issue and granted both counsel 15 days in which to file any legal memoranda addressing same.
The pertinent portions of section 514 state:
"1. In every action against a corporation for damages, for injuries to real or personal property, or for the destruction thereof, or for personal injuries, the complaint shall contain an allegation that a least thirty days have elapsed since notice of claim was presented to the corporation and that the corporation has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment * * *
"5. An action against a corporation shall not be commenced more than one year and ninety days after the cause of action thereof shall have accrued, nor unless a notice of claim as required in subdivisions one and two of this section and served as set forth in subdivision three of this section shall have been served upon the corporation within ninety days after such cause of action shall have accrued(Emphasis added.)
Subdivisions (2) and (3) of section 514 detail the form and method of service of a notice of claim.
The defendant asserts that although he did not plead the affirmative defense of plaintiff’s failure to file a notice of claim, this defense may be asserted at any time, as it is jurisdictional in nature.
The plaintiff, on the other hand, argues that the defendant’s application should fail because it was not pleaded in its *579 answer. The plaintiff also argues that the notice of claim requirement of section 514 only applies to "damages for injuries to real or personal property, or for the destruction thereof or for personal injuries”. Therefore it does not apply in this instance since the plaintiff’s action sounds in contract which is not subject to section 514.
It is undisputed that the defendant is a public benefit corporation created by statute (Racing, Pari-Mutuel Wagering and Breeding Law § 502 [1]), and endowed with the power "[t]o sue and be sued” (Racing, Pari-Mutuel Wagering and Breeding Law § 503 [1]). In conjunction therewith the Legislature established specific procedures for bringing claims against the corporation which include the requirement that in order to commence an action a notice of claim must first be presented to the corporation. (Racing, Pari-Mutuel Wagering and Breeding Law § 514 [1], [5].)
Plaintiff’s counsel indicated at argument that no notice of claim was served. A review of the plaintiff’s summons with notice and verified complaint, both dated February 6, 1990, also reveals that the plaintiff failed to allege that at least 30 days had elapsed since a notice of claim was presented.
The defense of failure to state a cause of action may be inserted in the answer as an affirmative defense, but pleading of such defense is surplusage, as it may be asserted at any time even if not pleaded. (Riland v Todman & Co., 56 AD2d 350.) In addition, dismissal motions based on failure to state a cause of action may be raised at any time pursuant to CPLR 3211 (e), even if such objections are not raised in the answer. (State of New York v Wolowitz, 96 AD2d 47; also see, Franza’s Universal Scrap Metal v Town of Islip, 89 AD2d 843.)
The defendant’s answer and affirmative defenses did not raise this issue. However, it was raised in the defendant’s memorandum of law in support of its cross motion and the court afforded opposing counsel an opportunity to address same. In essence, even though not pleaded initially, the court permitted a subsequent motion for its consideration. (CPLR 3211 [e].)
The law is clear that when a notice of claim requirement is statutorily imposed it is usually deemed an element of the substantive cause of action and as such its satisfaction must be pleaded in the complaint. (Siegel, NY Prac § 32.) Thus it is a condition precedent to suit and not filing same results in a failure to state a cause of action.
*580 Furthermore, when the form or content of a statutory notice is prescribed by statute, the notice must comply with those requirements to be effective. (81 NY Jur 2d, Notice and Notices, § 23; also see, Cirigliano v Brown, 185 Misc 329.)
"It is within the province of the legislature to declare, expressly or by implication, whether the giving of notice, or the manner in which notice is given, is jurisdictional. When proper notice is jurisdictional, strict compliance with the notice requirements is necessary.” (81 NY Jur 2d, Notice and Notices, § 24, at 292; also see, Gregorius v City of Corning, 140 App Div 701, affd 206 NY 722.)
Section 514 does not restrict the requirement of a notice of claim as to specific actions. This is unlike the restrictions found, for example, in Town Law § 180 and CPLR 9802 (contracts); County Law § 52 (torts) or General Municipal Law § 50-e (torts).
The court agrees with the plaintiff that an action of this nature sounds in contract. However, the term "damages” also includes the amount which the law awards as pecuniary compensation for injuries resulting from a breach of some duty, the violation of some right or of a contractual obligation. (36 NY Jur 2d, Damages, § 1.) Here, the damage alleged was the loss of the proceeds of a winning wager.
Section 514 (1) is clear that a notice of claim is required for this suit against the defendant corporation for money damages for its failure to allow the plaintiff to place an "exacta bet” in the amount of $50 in the fourth race at Aqueduct.
This court determines that because a notice of claim was not filed pursuant to section 514, the plaintiff’s complaint must be dismissed for failure to state a cause of action pursuant to CPLR 3211 (a) (7).
Defendant’s counsel to submit order reciting the court’s rulings on oral argument as well as the ruling stated herein.