ELIZABETH VONKEY, Appellant, v. CITY OF ST. LOUIS.

### Division One, March 31, 1909.

1. **STREETS: Judicial Notice: Negligence.** The court will not take judicial notice that certain streets alleged as the place of the accident in a certain city were in said city. Where three streets are mentioned and named in the evidence as being at or near the *locus* of the accident, but there is no evidence that these streets are in the defendant city, and no other evidence that the accident occurred within the corporate limits of the city, a demurrer to the evidence in plaintiff's suit against the city for injuries received on a sidewalk is properly sustained.

2. **NEGLIGENCE: Ice on Street: Sudden Freeze: Notice.** Where a pedestrian fell on an icy sidewalk and her injury was occasioned by a sudden freeze the night before her injury at noon, and no notice is brought home to the city of the dangerous condition, the city is not liable. One half day's time will not permit of a presumption of knowledge by the exercise of ordinary care. And evidence that there was snow and slush on the sidewalk the previous day does not change the situation, if the evidence also shows that the sidewalk was then safe for travel, and that it was the sudden freeze of the night before that made it unsafe.

3. ———: ———: ———: **General Condition: Municipal Liability.** The evidence shows a general condition of icy streets to have existed throughout the city. Three or four days before plaintiff fell upon the icy sidewalk and broke her arm, there was a general snow five or six inches deep. The day before there was a rain rendering the sidewalk sloppy and slushy. The night

before there was a general freeze rendering the sidewalk slippery in places, and slick and uneven (by reason of frozen footprints) in other places, and the frozen snow and ice at the place of the accident was four or five inches thick. *Held*, that the condition being general, the ice and snow are not to be classed with dangerous obstructions, and the city is not liable for her injuries.

Appeal from St. Louis City Circuit Court. — *Hon. Jesse A. McDonald,* Judge.

AFFIRMED.

*Thomas Morris* for appellant; *Ed. L. Gottschalk* of counsel.

(1) The question of reasonable time is sometimes one of fact and sometimes one of law. In this case we contend it was a question of fact, and should have been submitted to the jury. Randolph v. Frick, 57 Mo. App. 400; Bratner v. Powder Co., 100 S. W. 1000; Russell v. Columbia, 74 Mo. 480; Heberling v. Warrensburg, 103 S. W. 36; Hunt v. Railroad, 103 S. W. 1088; Mayes v. Palmeo, 103 S. W. 1141; Carvin v. St. Louis, 151 Mo. 334; Beauvais v. St. Louis, 169 Mo. 500. As to reasonable time for repair. Fullerton v. Fordyce, 144 Mo. 520. In relation to the duty of the city to keep the sidewalks in a reasonably safe condition, and that snow congealed, rugged and in ruts on the sidewalk, is a nuisance and dangerous to pedestrians. Norton v. St. Louis, 97 Mo. 537; Womach v. St. Louis, 168 Mo. 236; Perrigo v. St. Louis, 185 Mo. 286; Connor v. Nevada, 188 Mo. 148; Ford v. Kansas City, 79 S. W. 925; Blackwell v. Hill, 76 Mo. App. 46. (2) A demurrer to the evidence should not be sustained if there is sufficient evidence to take a case to the jury. Reno v. St. Joseph, 169 Mo. 342; Cook v. Railroad, 94 Mo. App. 417. (3) Where the evidence is of such a character that ordinary men may differ as to the conclusion to be drawn therefrom, the court is not author-

ized to withdraw the issue to which it relates, or withhold it from the consideration of the jury. Railroad v. Dempsey, 89 S. W. 786; Sanders v. Houston, 91 S. W. 245; Gulf, etc., Co. v. Matthews, 89 S. W. 983; Culberson v. City of Maryville, 67 Mo. App. 343; Perrigo v. St. Louis, 185 Mo. 274; Graney v. St. Louis, 141 Mo. 180. Where the evidence as to a matter of fact is conflicting there is a question for the jury and not for the court. James v. Kansas City, 85 Mo. App. 20; Perrette v. Kansas City, 62 Mo. 238; Errickson v. Kansas City, etc., 171 Mo. 647. Where there is any substantial evidence, though slight, whether direct or inferential, tending to establish the matters in issue, the issue must be submitted to the jury. Knapp v. Hanley, 108 Mo. App. 353; Story v. Railroad, 108 Mo. App. 424; Montgomery v. Railroad, 181 Mo. 477.

*Charles W. Bates* and *Charles P. Williams* for respondent.

(1) Negligence of the city will not be presumed; it must be shown. Lawson on Presumptive Evidence (2 Ed.), p. 121, rule 19a. (2) Plaintiff cannot allege one ground of negligence and recover on another. Hesselbach v. St. Louis, 179 Mo. 524; Coyne v. Railroad, 121 Mo. App. 114; Edens v. Railroad, 72 Mo. 212. (3) The city is not liable for the mere slipperiness of snow or ice where such a condition is general. It must amount to an obstruction at the particular place complained of. Reno v. St. Joseph, 169 Mo. 642; Warren v. Independence, 153 Mo. 593; Quinlan v. Kansas City, 104 Mo. App. 616. (4) There is not a particle of evidence to show how long the alleged obstruction had existed. On this ground alone the nonsuit was proper. (5) The city cannot help snow freezing as it falls upon the walks and turning to ice. It cannot get up three or four inches of ice from granitoid or brick sidewalks, in freezing weather, with anything less than pickaxes or dynamite. It ought not to be required to

use these. Taylor v. Yonkers, 105 N. Y. 206; Hyer v. Janesville, 101 Wis. 371. (6) The city ought not to be held liable for slush that freezes in a sudden cold snap; the obstruction does not exist until the freeze, and the city has not had a reasonable time to remove. Harrington v. Buffalo, 121 N. Y. 147; Hyer v. Janesville, 101 Wis. 171; McNally v. Cohoes, 127 N. Y. 350.

GRAVES, J.—Plaintiff brought this action to recover the sum of $10,000 for injuries alleged to have been caused by falling upon an icy sidewalk. She alleged notice of the condition upon the part of the city, and further that said condition had existed for such length of time that the city, in the exercise of ordinary care, could have known of the condition of said walk in time to have remedied the same prior to her injuries. The material portions of her petition are:

"Plaintiff states that on the 15th day of December, A. D. 1904, she had occasion to leave her house at 2906 Pine street to transact some business; that in returning from her business she came from Washington avenue to Ewing avenue, or Twenty-ninth street; that there was snow and ice on the sidewalk on the west side of said Ewing avenue or Twenty-ninth street, between Washington avenue and Locust street; that said snow and ice on the sidewalks on the west side of said Ewing avenue or Twenty-ninth street, was rough and uneven and in ridges and in an unsafe and dangerous condition to pedestrians traveling thereon, and that said snow and ice was in the said dangerous condition to pedestrians traveling thereon for several days prior to the 15th day of December, A. D. 1904. . . . Plaintiff states that on said 15th day of December, A. D. 1904, at or about noon of the same day, she was walking on the west side of the sidewalk on Ewing avenue or Twenty-ninth street between Washington avenue and Locust street, and exercising reasonable care in going to her residence south on Pine street,

when she reached a point or place on said sidewalk on the west side of said Ewing avenue or Twenty-ninth street, about one hundred feet north of Locust street, and about twenty feet south of the alley midway between Washington avenue and Locust street, and owing to the rough, rugged and uneven and dangerous surface of the said sidewalk at said point or place, caused by the snow and ice that had prior thereto fallen and had been permitted to accumulate and remain on the said sidewalk by the defendant corporation's officers, agents and servants in a rough, rugged, uneven and dangerous condition, she slipped and fell, striking upon her right side with great force on the said sidewalk and thereby and by reason of the said fall, breaking the small bone of her right arm above and between the wrist and elbow and wrenching and spraining the wrist of the right hand.''

The answer of the city was a general denial, and a plea of contributory negligence. Reply general denial.

At the close of the plaintiff's case the trial court sustained a demurrer to the testimony, whereupon the plaintiff was forced to and did take a nonsuit. This nonsuit, the court upon timely motion made by plaintiff, refused to set aside, and thereupon the cause was by her appealed to this court.

From the evidence it appears that the accident occurred upon Thursday just about noon. The case had been tried *nisi* prior to this trial, at which time the plaintiff evidently testified that the place where she fell was extremely smooth and slippery. In this testimony she explained that she was mistaken in the use of the preposition ''on'' for the preposition ''by,'' as Germans frequently mix these words. In this trial she says that in the center of the sidewalk was a long smooth slippery place, and that to the side thereof it was rough, and she took the side of the sidewalk, because she thought it safer. She also says that

Thursday was a nice day and the snow and ice had melted some, so as to make it slippery, and that in walking on the rough snow and ice on the side of the walk her foot slipped into a hole of some kind and she fell onto this long smooth portion in the center.

From her evidence it appears that there was a general snow which fell either Sunday night or Monday night; that it was cold the day after the snow; that the snow was four or five inches deep, or more; that the day before the accident it rained so as to melt the snow; that the night before the accident at noon of the next day the snow and ice on the sidewalks froze hard; that the roughness in the snow and ice was occasioned by the footprints of travelers who had gone along before this freeze; that the frozen snow and ice at the place of accident was four or five inches deep.

Two young ladies picked the plaintiff up just after her fall, and the roughness of the snow and ice at the point of the accident is by them described as being occasioned by the footprints of travelers on the walk.

The testimony shows that the accident occurred on Ewing avenue at a point between Washington avenue and Locust street, at about the point named in the petition. The character of plaintiff's injuries need not be stated further than what the petition charges, as above set out.

Such in substance are the facts of the case.

I. There are at least two good reasons for sustaining the action of the trial court in this cause. In the first place, there are three streets mentioned in the evidence, to-wit, Ewing avenue, Washington avenue and Locust street, as being at or near the *locus* of the accident. One witness, Fraudenstein, testified:

"I am in the laundry business, 2907 Pine street. I have lived for about thirty-five years. I know the locality of Ewing, between Washington avenue and Locust street. It has asphaltum on the street. I know it to be a street at least twenty-five years."

This is all we find in the entire record as to whether or not these streets are in the city of St. Louis, or that the accident occurred within the corporate limits of the city of St. Louis. Counsel for plaintiff seems to have proceeded upon the theory that not only the lawyers engaged in the case knew that the streets were in the city of St. Louis, and therefore the accident occurred in said city, but further that both the trial court and this court were fully advised as to the *locus* of the accident and these streets. The trial court could not take judicial cognizance of the fact that these three streets were within the corporate limits of the city of St. Louis. This was a matter of proof, and the issue was made by the general denial. Nor can this court take judicial cognizance of such fact, if it be a fact. For this reason, if for no other, the demurrer to the evidence was properly sustained. This loose method of trying cases in the large cities should be stopped. A few lines of testimony, or a short admission in the record will suffice, but we cannot strain the doctrine of judicial cognizance to the extent of entertaining judicial knowledge of the existence of streets in municipalities, and will not do so.

II.   Under the facts the city was not liable and for several reasons:

(a)   The city is not liable because the injury was occasioned by a sudden freeze the night before the injury at noon of the next day. No notice is brought home to the city, and one-half day's time is not such as would permit the presumption of knowledge by the exercise of ordinary care. By the evidence it appears that whilst there was snow and slush on the sidewalk the day before the accident, yet it was safe for travel, and if unsafe at the time of the accident, it was by reason of the sudden freeze of the night before and not otherwise. Under such circumstances the city is not liable. [Hyer v. City of Janesville, 101 Wis. l. c. 374;

Harrington v. City of Buffalo, 121 N. Y. 147; McNally v. City of Cohoes, 127 N. Y. 350; Kinney v. City of Troy, 108 N. Y. 567.]

In the Wisconsin case cited, *supra,* it was said: "If the walk was defective at all at the time of the injury, it was wholly caused by the sudden freezing of the soft, slushy snow, spread evenly over it except as it was indented by footprints therein. Reasonable care did not require the walk to be scraped clean, down to the planking, or that mere footprints made in the soft snow and frozen in that condition should be removed. They did not cause any obstruction to or render travel on the walk dangerous, tested by the standard of reasonable safety under the circumstances. The furtherest the courts have gone on this question is to hold that snow and ice allowed to accumulate on a walk in an uneven and ridgy condition so as to constitute an obstruction to public travel, renders it defective and actionably so."

In the Harrington case, *supra,* the New York Court, through RUGER, Ch. J., said: "The evidence established the fact that for four days previous to the accident the weather had been warm, causing the snow and ice on the walk to thaw, and become soft, wet and sloppy. On the night previous to the accident the weather suddenly became colder and the snow and slush in the streets froze hard, forming ice and leaving footprints made during the previous sloppy weather plainly visible in the frozen deposit. In some places the owners of property adjoining the walk had cleaned off the snow, but at the place of the accident it had not for some weeks been entirely removed. Much of the snow falling during that time had passed off through the natural effect of the elements upon it, but the portion referred to was what remained of a much larger accumulation. The walk, as thus shown, presented no unusual appearance for cities in our uncertain and inclement climate, and caused no more objectionable

obstacle to safe passage than frequently exists in cities and villages during the cold season. Whatever might have been its condition, so far as danger was to be apprehended, it arose solely from its frozen and slippery condition, and that, as we have seen, was caused by the freezing of the night before the accident. The danger arising from the slipperiness of ice and snow lying in the streets, is one which is familiar to everybody residing in our climate and which everyone is exposed to who has occasion to traverse the streets of cities and villages in the winter season. Accidents occurring from such causes are chargeable solely to the persons injured, unless it can be shown that the cause thereof has been occasioned, aggravated or negligently permitted by the act of some third party charged with the duty of obviating or removing it. It was essential to the maintenance of this action that some breach of duty on the part of the defendant should have been proved occurring prior to the happening of the accident which was the cause of the alleged injury. We are of the opinion that the case made did not establish the existence of this essential fact. The proof fails to show that there was any unusual or dangerous obstruction to travel arising from snow or ice in the street, or, even if there was, that any such lapse of time had intervened between the period of its creation and the occurrence of the accident as afforded a presumption of knowledge in the municipality of its condition, or opportunity to remove the obstacle after notice was received. The duty resting upon municipal corporations to remove accumulations of ice and snow as it falls from time to time upon their streets, is a qualified one, and becomes imperative only when dangerous formations or obstacles have been created and notice of their existence has been received by the corporation.''

(b) The evidence shows a general condition to have existed in the city. Three or four days prior there

was a general snow five or six inches deep. The day
before there was a rain rendering the sidewalks slop-
py and slushy. The night before there was a general
freeze rendering the sidewalks slippery in places and
slick and uneven (by reason of frozen footprints) in
other places. Under such conditions there can be no
liability upon the part of the city. The rule of liability
is most aptly expressed by VALLIANT, J., in Reedy v.
Brewing Ass'n, 161 Mo. l. c. 536:

"Snow and ice on sidewalks have been the occa-
sion of many injuries to persons, and the law-books
are full of instances where the duty of a municipality
in respect to such conditions has been discussed.

"Running through all the cases to which our atten-
tion has been called on this subject, we find the general
proposition that ice or snow upon a sidewalk or in a
street is not to be classed with dangerous obstructions,
such as a city is required to remove. It would be more
accurate to say that it is a dangerous obstruction, but
that it is excepted from the category of obstructions
for which the city is liable upon the ground of the im-
practicability of the city's removing it. There are,
for example, in this city many hundreds of miles of
sidewalks, upon which snow falls and ice forms when
the weather suits, and immediately upon its fall the
snow is beaten down by the feet of thousands walking
over it. To some extent the sidewalks and streets
may be and are cleared of such obstruction, but to re-
move it entirely or to a degree that would render it not
dangerous, is impracticable, and therefore not em-
braced in the law's reasonable requirements. There
is another reason for making snow or ice, on the side-
walks, and in the streets, an exception to that danger-
ous condition for which a city is liable, that is, when
that condition exists generally, it is obvious and every-
one is on his guard. Any pedestrian on the sidewalk
or traveller in the street is warned by all his surround-
ings that ice and snow abound and consequently danger

of slipping and falling is to be apprehended at every step. The law is reasonable in this, as in all things."

All the evidence in this case shows that the roughness and unevenness at the point of injury was only such as was occasioned by footprints made in the slush and wet snow of the previous day which had frozen the night before the accident. There are cases which hold that where ice is permitted to accumulate in high, rough and uneven ridges, and to thus remain, there is municipal liability, but this case does not even fall within the rule of those cases because of the absent facts.

Upon the facts of the case at bar the trial court should have sustained the demurrer, and its judgment should be and is affirmed.

All concur, except *Valliant, J.*, who concurs in the result, and all the opinion except paragraph one, to which paragraph he does not agree.