WILLIAM WOOD, RESPONDENT, v. CITY OF ST. JOSEPH, APPELLANT.
—44 S. W. (2d) 248.

Kansas City Court of Appeals. December 7, 1931.

*William C. Myers, Melvin J. Duvall* and *W. J. Boyd* for respondent.

*Miles Elliott, Herman Hess* and *Morte H. Craig* for appellant.

CAMPBELL, C.—Action to recover damages for personal injury alleged to have been sustained by plaintiff as the result of a fall upon sidewalk in the defendant city. Plaintiff recovered judgment and defendant appeals.

Under points and authorities defendant argues that the evidence wholly fails to show any unusual condition on the sidewalk at the place where plaintiff fell; that there was a fatal variance between pleading and proof; that plaintiff was guilty of contributory negligence; and therefore the court should have given its instruction in the nature of a demurrer to the evidence. The negligence charged in the petition and upon which the cause was submitted is that at the time of the injury "and for many days before that date, there existed, at said point upon said sidewalk, a large and dangerous accumulation of rough, uneven, bumpy, slick and slippery icy and snow, which said dangerous obstruction upon said sidewalk, at said point, covered a space of several feet across, from east to west, and several feet across, from north to south, and was of a thickness varying from one inch to five or six inches; that said accumulation of ice and snow, on said sidewalk at said point, formed and constituted a dangerous obstruction upon said sidewalk, at said point, and rendered said sidewalk, at said point, dangerous and not reasonably safe for the use of pedestrians passing along and over the same."

On January 16, 1930, plaintiff alighted from a street car, walked a distance of about three blocks to a place on the sidewalk in front of the doorway of the building known in the record as number 413 Edmond Street, in the defendant city, at which place he slipped, fell, and sustained injury. While walking from the street car to the place where he fell he encountered no snow or ice upon the sidewalks until he came to the sidewalk in front of that building, at which place the entire sidewalk was covered with uneven, rough and slick ice and snow four to six inches in thickness. This condition had existed for a period of not less than one week before plaintiff fell. The sidewalk in question was used daily by many pedestrians. The defendant contends that the evidence fails to show any unusual condition upon the sidewalk at the place in question and that the evidence did show a general condition of ice and snow throughout the city and, therefore, the court should have directed verdict in its behalf.

In support of this insistence the defendant cites the case of Gist v. City of St. Joseph, 220 S. W. 722, and the case of Vonkey v. St. Louis, 117 S. W. 733, 219 Mo. 307.

There was evidence tending to support the theory that the condition of ice and snow was general throughout the city. But there was also evidence in plaintiff's behalf that the sidewalk upon which plaintiff traveled on the day in question, except that part of it in front of the building mentioned, had been cleared of ice and snow and that the unsafe condition of the sidewalk at the place where he fell and was injured had existed for more than seven days. Upon this showing the question as to whether or not the defendant was guilty of negligence in failing to remove the obstruction, was for the jury.

The evidence brought the case within the rule stated in the case of Harding v. City of St. Joseph, 7 S. W. (2d) 707, 710.

"It will not do to say that in no event is the city liable for slippery condition of a sidewalk occasioned by a formation of smooth ice thereon. Any icy sidewalk, whether smooth and slick or rough and uneven, is dangerous to pedestrians walking thereon. The negligence of the defendant, if any, in permitting the snow and ice to remain on the sidewalk, and not the character of the formation of the ice, is the thing that determines whether or not the city is liable to pedestrians for personal injuries resulting from a fall on such sidewalks."

Guided by the rule stated we cannot say as a matter of law that it was not a question for the jury to determine whether or not defendant had exercised the degree of care which the law requires with respect to maintaining the sidewalk in a reasonably safe condition. The request for directed verdict was correctly ruled.

There was no variance between pleading and proof. The case pleaded was sustained by the evidence.

Neither will we sustain the defendant's contention that plaintiff was guilty of contributory negligence as a matter of law. He testified that he was walking carefully, had encountered no snow or ice until in front of the building near the doorway of which he fell, and that he walked "where others walked."

The question of contributory negligence was for the jury, and not for the court. [Wyckoff v. City of Cameron, 9 S. W. (2d) 872.]

What we have said disposes of all the questions presented. The judgment is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.