JENNIE A. BARRETT, Administratrix of the Estate of HARRY H. BARRETT, v. THE TOWN OF CANTON, a Corporation, Appellant.—93 S. W. (2d) 927.

Division One, April 23, 1936.

*A. F. Haney, Barker Davis* and *Luther & Luther* for appellant.

1084

*Smoot & Smoot* and *Earl M. Pirkey* for respondent.

COLLET, J.—Harry H. Barrett was injured on January 15, 1930, by falling upon a slippery sidewalk in the city of Canton. He brought this action against that city to recover damages in the sum of $20,000. The facts are as follows.

Mr. Barrett was editor and part owner of The Canton Press-News. He did much of his work at his home and ordinarily did not go to his office until afternoon. On the day he was injured he went to his office about three o'clock in the afternoon. Shortly before five P. M. he went from his office to the postoffice which was slightly more than one block east and approximately one-half block south of his office. On January 8th or 9th an eight or nine inch snow fell in Canton and the surrounding territory. The temperature at the time of the snow was below freezing. Successive periods of freezing and thawing followed. There is evidence that at least one rain and some sleet fell after the snow and prior to plaintiff's injury on the 15th. January 14th the weather became colder, plaintiff's evidence indicating a

maximum of about 30° above zero and a minimum about zero. January 15th the maximum was about 22° and the minimum about 3° above zero. As a result of the freezing and thawing the streets and sidewalks were generally covered with ice. Some sidewalks had been cleaned, some others had been covered with sawdust or cinders. The sidewalks which had not been cleaned were rough and uneven. This was caused by footprints of pedestrians. Plaintiff's office was located on the south side of Clark Street which ran east and west. The next street east of his office was Fifth Street and the next Fourth. The sidewalk on the south side of Clark Street from plaintiff's office to Fifth Street was concrete, nine feet wide. Approximately eight feet east of the Press-News building (plaintiff's office) a driveway approximately nineteen feet wide had been constructed across the sidewalk from Clark Street and leading to a filling station which occupied the corner lot between the Press-News building and Fifth Street. The sidewalk from the Press-News building east to Fifth Street was covered with ice made very rough by indentations and ridges from two to five or six inches high. The driveway was fairly clean. In going to the postoffice plaintiff left his office, went east on the sidewalk to Fifth Street then instead of proceeding east on the sidewalk he walked in Clark Street to Fourth Street thence south to the postoffice. He explained that he walked in the street because he thought it safer. He stayed at the postoffice only a short time. Returning he took the same route. When he had progressed to a point (on the sidewalk) approximately three feet east of the east side of the driveway, which point was also approximately thirty feet east of the Press-News building, plaintiff slipped and fell and was seriously injured.

The case was tried in the Scotland County Circuit Court. The jury returned a verdict for the defendant. The trial court sustained plaintiff's motion for new trial assigning as grounds therefor error in defendant's Instruction 3. From the order of the court sustainig the motion for new trial defendant appeals. Since the appeal was granted plaintiff died. On motion the cause was revived in the name of Jennie A. Barrett, administratrix. Respondent will be referred to hereafter as if there had been no substitution.

It is asserted by appellant that Instruction 3 was correct but that even if it was not, the cause should be reversed because respondent's evidence failed to show facts which entitled him to recover and hence appellant's demurrers offered at the close of respondent's case and again at the close of all the evidence should have been sustained. If the latter point is well taken it disposes of the appeal and will therefore be considered first.

Respondent testified that the walk where he fell was very rough with ridges of ice from four to six inches high and that it

had been in this condition about three weeks. Other witnesses for respondent stated that the walk was covered with ice; that it was very rough caused by footprints; ridges of ice formed from two to four or five inches high and that this condition had existed for at least a week or more. Several witnesses testified that the sidewalks in front of their homes, or places of business, had been cleaned off prior to the date of respondent's injury. All of the testimony clearly showed that alternate periods of thawing and freezing had followed the heavy snow.

We are asked to say, as a matter of law, that because the condition which existed at the place of respondent's injury was of the same character which existed generally over the city of Canton as a result of the general snow and the subsequent freezing and thawing, that there can be no liability. Such a holding would necessarily result in excluding from consideration the question of whether a reasonable opportunity had been afforded the city to correct the situation and would result, in effect, in saying that if the condition complained of was of the same kind and character as then existed or had existed generally over the city, there could be no recovery regardless of how long the condition at this particular place had continued. We do not think that is the law in this State, although the cases of Reedy v. St. Louis Brewing Assn., 161 Mo. 523, 61 S. W. 859, and Vonkey v. St. Louis, 219 Mo. 37, 117 S. W. 733, would seem to so hold.

The general principle may be stated to be that a city is required to keep its streets and sidewalks in reasonably safe condition for the purposes for which they are designed and is liable to one who, while properly using the street, suffers injury in consequence of its dangerous condition provided the city had neglected a reasonable opportunity to remove the danger. That language is taken from the opinion in the Reedy case but that opinion continues with the assertion that ice or snow upon a sidewalk is a dangerous obstruction which is excepted from the category of obstructions for which the city is liable. It is upon the latter statement, which was later quoted with approval in Vonkey v. St. Louis, supra, that appellant's contention is based. In discussing this same question in the later case of Suttmoeller v. City of St. Louis (Mo.), 230 S. W. 67, this court said (l. c. 69):

"A municipality's liability for injuries resulting from ice-covered walks is not predicated, however, on the character of the ice formation, but on its negligence in the premises. And the character of the formation may, or may not, be the controlling element in determining the question of negligence in a particular case. . . . Whether in a given case a city can be said to have been negligent may depend upon a great variety of circumstances, as, for example, the

nature and extent of the ice formation, the length of time it had previously existed, the conditions that prevailed generally during that time as to the presence, or absence, of snow and ice, the location of the walk, and its frequent, or infrequent, use by travelers. If, under all the attending circumstances, it could, in the discharge of its general duty to exercise ordinary care to maintain its streets in a reasonably safe condition for travel, have reasonably discovered and removed the obstruction of ice, or the danger arising from its presence, in time to have prevented the injury, then it should be held to have been negligent."

In the latter case the court did not overlook the Vonkey and Reedy cases but referring to the Vonkey case pointed out that the evidence showed the city could not reasonably have remedied the condition in time to have prevented the injury. Referring to the Reedy case the court pointed out that that case involved a situation where the city was negligent in not removing ice caused by a bursting pipe leading to a storage tank and was therefore different from a case where the city's powers to correct the condition were overcome by "nature covering the face of the earth with ice and snow."

In the case of Armstrong v. City of Monett, 228 S. W. 771, decided only one month before the decision in the Suttmoeller case, the court recognized the principle asserted in the Reedy and Vonkey cases but construed those cases as not excusing the city if dangerous conditions had been permitted to exist after a reasonable opportunity had been afforded the city to remove the danger. The court's construction of the Reedy and Vonkey cases was there stated as follows:

"We also hold that if the icy and rough condition of the sidewalk on which the plaintiff fell extended over the whole of the city generally, as the result of a general snowstorm and freezing and thawing weather, and the use of the sidewalk by pedestrians, then, under the rule laid down in the Vonkey Case, supra, the city is not liable to plaintiff unless such snow and ice were present on such sidewalk for a longer period of time than on such sidewalks generally throughout the city by reason of some special surroundings, natural or artificial, and under such circumstances and for such length of time, as to charge the city with negligence in failing to remove it. The doctrine has been announced on the authority of our decision in the Vonkey Case and Reedy v. Brewing Assn. . . . "

We contrast that language with the following statement taken from the Reedy case:

"Running through all the cases to which our attention has been called on this subject, we find the general proposition that ice or snow upon a sidewalk or in a street is not to be classed with dangerous obstructions, such as a city is required to remove. It would be more accurate to say that it is a dangerous obstruction, but that it is excepted from the category of obstructions for which the city is

liable upon the ground of the impracticability of the city's removing it.''

Our understanding of the later expressions of the court above referred to is that the impracticability of the removal of the snow or ice is a question for the jury to determine under proper instructions, granted, of course, that there is sufficient evidence in a given case authorizing the submission of that question. That is the proper rule and although it may not have been expressed in so many words, it is the rule that the courts have been following, as evidenced by the opinions above referred to and the following.

In Reno v. City of St. Joseph, 169 Mo. 642, l. c. 657, 70 S. W. 123, this court said:

''Or when snow and ice are permitted to accumulate upon a sidewalk of a city, and are permitted to remain there until by thawing and freezing they become an obstruction and the sidewalk unsafe for travel, and the city has knowledge thereof for a sufficient length of time before an accident and injury occurs, to one traveling thereon in the exercise of ordinary care, to remove the obstruction and fails to do so, it will be held to respond in damages for the injury.''

Again, in Harding v. City of St. Joseph (Mo. App.), 7 S. W. (2d) 707, l. c. 710, Judge FRANK, speaking for the Kansas City Court of Appeals said:

''It will not do to say that in no event is the city liable for slippery condition of a sidewalk occasioned by a formation of smooth ice thereon. An icy sidewalk, whether smooth and slick or rough and uneven, is dangerous to pedestrians walking thereon. The negligence of the defendant, if any, in permitting the snow and ice to remain on the sidewalk, and not the character of the formation of the ice, is the thing that determines whether or not the city is liable to pedestrians for personal injuries resulting from a fall on such sidewalks.''

Later, in the case of Wood v. City of St. Joseph, 226 Mo. App. 615, 44 S. W. (2d) 248, the Kansas City Court of Appeals in a case where the facts were very similar to the case at bar, after quoting the above expression from the Harding case said:

''Guided by the rule stated, we cannot say as a matter of law that it was not a question for the jury to determine whether or not defendant had exercised the degree of care which the law requires with respect to maintaining the sidewalk in a reasonably safe condition.''

That is the situation in the case at bar. Appellant's demurrers were therefore properly overruled.

The reason assigned by the trial court for sustaining respondent's motion for new trial was the giving of appellant's Instruction No. 3. That instruction is as follows:

"The Court instructs the jury that if you believe from the evidence that the Plaintiff was guilty of contributory negligence, then your verdict must be for the Defendant. On the question of contributory negligence, you are instructed that even though you may believe from the evidence that the sidewalk in question was in a defective, dangerous or unsafe condition, caused by the accumulation of ice and snow, which made the surface of said sidewalk uneven and irregular, yet, if you further believe from the evidence that Plaintiff while walking along and over said sidewalk was not using such care and caution in looking out for his own safety as a reasonably prudent person would have been using under like circumstances, then he is guilty of contributory negligence and cannot recover in this case, no matter how much snow or ice may have been upon the sidewalk and no matter how or in what shape it may have formed or accumulated, and no matter how negligent you may believe the defendant might have been in failing to remove the same."

We think this instruction was erroneous in failing to require the jury to find that the failure of the respondent to use such care as a reasonably prudent person would have used under like circumstances was the cause of, or was an efficient part of the cause of, respondent's injury. The questions to be submitted to the jury in a contributory negligence instruction are stated in general terms in Mahaney v. Auto Transit Co., 329 Mo. 793, 1. c. 803, 46 S. W. (2d) 817:

"First, that plaintiff was guilty of the act of commission or omission attributed to her; second, that such conduct of plaintiff, was negligence on her part; third, that this negligence of plaintiff, if any, directly contributed to plaintiff's injury."

Appellant contends that the exception stated in Barr v. Mo. Pac. Ry. Co. (Mo.), 37 S. W. (2d) 927, applies here. The exception, as there stated, is as follows:

"There is an exception to that rule. If an instruction on contributory negligence requires the finding of negligent acts which, in the nature of things, necessarily contributed directly to cause the injury and necessarily formed a part of the efficient cause thereof, then the instruction cannot be held erroneous because it does not require the jury to draw the inference which the law itself draws therefrom."

To say to the jury that if they believed "that plaintiff, while walking along and over said sidewalk, was not using such care and caution in looking out for his own safety as a reasonably prudent person would have been using under such circumstances then he is guilty of contributory negligence and cannot recover," presents a much different situation than where an instruction tells a jury that if they find that certain specific negligent acts were committed by plain-

tiff he cannot recover, when under the circumstances those acts must have necessarily, in the nature of things, contributed directly to cause the injury and constituted a part of the efficient cause thereof. For that reason the rule characterized as the exception does not apply. The facts in the case at bar sufficiently illustrate the vice of Instruction 3. Respondent testified:

"I slipped and fell. I was walking along on the ridges, it was very rough, and I must have stepped on a knob or a ridge and I fell on my right side. . . .

"Q. How high were those elevations? A. Four to six inches.

"Q. How long had the sidewalk been in that condition? A. About three weeks."

Appellant contended and offered considerable evidence in support of its contention that respondent should have worn cleats on his shoes which were described as "creepers." The jury may have concluded that respondent's failure to wear creepers was negligence on his part and that he was not negligent in the manner in which he was walking, yet under this instruction the jury would have been authorized to find for appellant because respondent did not wear creepers without finding that his failure to do so in anywise contributed to his fall and the resulting injury.

The judgment should be affirmed and the cause remanded. It is so ordered. All concur.