Dorothy M. CICHACKI, Respondent,

v.

George LANGTON, Appellant.

No. 50964.

Supreme Court of Missouri,

Division No. 2.

July 12, 1965.

Mason, Gant, Gepford & Moran, Kansas City, for respondent.

Lee D. Seelig, Kansas City, for appellant.

EAGER, Presiding Judge.

This appeal was taken by defendant from an order granting plaintiff a new trial for error in giving an instruction proffered by defendant. There is no evidence in our transcript, nor is there any stipulation concerning the evidence. The petition is one for damages for personal injuries because of an automobile collision; it was filed against three defendants but dismissed as to two at the beginning of the trial. It al-leged, in substance: that plaintiff had been traveling northerly on Blue Ridge Road and was entering Winner Road to travel wester-ly, whereas defendant George Langton was driving a car westerly on Winner Road "to the rear" of plaintiff; that defendant neg-ligently overtook and collided with the rear of plaintiff's car. Several grounds of neg-ligence were alleged, including negligently failing to keep a lookout, the negligent fail-ure to yield the right of way, negligently colliding with the rear of plaintiff's car, and negligently failing to stop, slow or swerve. The prayer was for $15,500. The answer of two defendants, including the present ap-pellant, consisted of denials, an admission that the streets were public streets in Kan-sas City, and a general plea of contributory negligence. The instructions are shown in full in the transcript.

Plaintiff submitted her case by two sepa-rate instructions numbered 2 and 3. In No. 2 she submitted that defendant "failed to exercise the highest degree of care to keep a careful and continuous lookout for ve-hicles ahead of him, and "particularly the automobile driven by Plaintiff," and that he was thereby negligent. In No. 3 she submitted that plaintiff stopped in obedience to a stop sign controlling traffic on the ramp leading from Blue Ridge Road to Winner Road, that defendant, at a point approxi-mately 100 feet east of that intersection, "signalled his intention to make a right turn" but continued to drive on west on Winner Road and collided with plaintiff's car, and that defendant was thereby negli-gent.

The controverted instruction of defend-ant was as follows, being No. 7: "The Court instructs the jury that if you find and believe from the evidence that the plaintiff in this case failed to stop at the stop sign at the entrance of Winner Road and Blue Ridge Road when approaching a through highway from the south and this was one of the causes of the said collision mentioned in the evidence then your verdict should be for the defendant."

Since both parties hypothesized the fact that there was a stop sign at the intersection, we shall assume that there was, even on this very "skimpy" record. In his Instruction No. 6, defendant submitted contributory negligence of plaintiff in failing to keep a lookout. As already indicated, the verdict was for the defendant. In her motion for a new trial, plaintiff specifically attacked Instruction No. 7, both as a converse and as a contributory negligence instruction. The motion sufficiently raises the points which we discuss here. In granting a new trial, the court entered the following order: "Plaintiff's Motion for a New Trial must be sustained for the reason that Instruction Number 7, offered by the defendant, is the converse of plaintiff's Instruction Number 3, in that it directs a verdict for defendant if the jury should find that plaintiff failed to stop at the stop sign. Said instruction completely disregards and fails to converse or otherwise refer to plaintiff's Instruction Number 2, which is a disjunctive submission of primary negligence and failure to keep a look-out. No other intruction was offered conversing plaintiff's instruction number Two.

"WHEREFORE, it is ordered, adjudged and decreed that plaintiff's Motion For A New Trial be sustained."

Considerable confusion has arisen from appellant's brief and argument as to just *what* this instruction is. In other words, is it a converse instruction or a contributory negligence instruction? All of the cases cited in that brief involve converse instructions; in at least three places the statement is made that the instruction was a *converse* of one of the essential elements of plaintiff's theory. In two places it is stated that it was a mere contributory negligence instruction. In one sentence it is stated that it was a contributory negligence instruction *and* "was a converse of one of the elements * * *." At the oral argument counsel for appellant was asked most specifically what his theory was and he stated that it was a contributory negligence instruction and that he did not "rely on it" as a converse instruction.

Actually, it makes little difference what the defendant's theory was; the ultimate question is whether the instruction was proper on either or any theory, or bad on both. We consider it from that standpoint. As a converse, the instruction is clearly erroneous. Defendant cites the following cases: Dell'Aria v. Bonfa, Mo., 307 S. W.2d 479; Liebow v. Jones Store Co., Mo., 303 S.W.2d 660; Fontana v. Davis, Mo. App., 382 S.W.2d 835; McCarty v. Milgram Food Stores, Inc., Mo., 252 S.W.2d 343. None of those cases involved situations where the plaintiff had submitted two or more grounds of negligence in the *disjunctive*. The principle quoted from Fontana, supra, to the effect that a defendant may converse one or more of the essential elements of plaintiff's theory of recovery or may offer an exact converse of his verdict-directing instruction is perfectly sound when applied to a case where there is one sole submission of negligence or where two or more are submitted in the conjunctive. It is not applicable where two or more different grounds of negligence are submitted by the plaintiff in the *disjunctive,* either in one instruction or in separate instructions. Martin v. Lingle Refrigeration Co., Mo., 260 S.W.2d 562; Fellman v. St. Joseph Power & Light Co., Mo., 334 S.W.2d 60; Samuels v. Klimowicz, Mo., 380 S.W.2d 418. In such event, the converse verdict-directing instruction " ' * * * must require a finding on all the charges of negligence submitted by plaintiff.' " Samuels, supra, and cases there cited, 380 S.W.2d loc. cit. 420. Here plaintiff had submitted her theory of failure to keep a lookout in one instruction, and her alternate theory that defendant signalled a right turn but negligently proceeded on and struck her car in the rear in another; these theories were most certainly submitted in the disjunctive, with a verdict being directed if defendant was found negligent on *either* theory. Defendant selected one element from the latter instruction, No. 3, and conversed it; giving him

the benefit of any doubt as to whether Instruction No. 7 was a proper converse of an essential element of that submission, it completely ignored plaintiff's submission of a negligent failure to keep a lookout, and it was necessarily erroneous as a converse instruction under all of the Missouri authorities.

■■  On the other possibility, we note that the instruction does not appear to have been prepared or submitted as a contributory negligence instruction. That theory would seem to be an afterthought. Defendant submitted and the court gave Plaintiff's Instruction No. 6, which rather carefully followed the usual form of a contributory negligence instruction on plaintiff's claimed failure to keep a lookout; it required a finding that plaintiff "failed to exercise the highest degree of care" in that regard, that such failure on plaintiff's part was negligence, and that such negligence, if any, directly and proximately contributed to cause the injuries. Instruction No. 7 does not require a finding of negligence or the use of any specified degree of care, nor does it require a finding that any such negligence contributed to cause the collision and the injuries. The latter requirement might conceivably be supplanted by the requirement that plaintiff's act, namely, that he "failed to stop at the stop sign," was "one of the causes" of the collision, but the omission of the requirement of a finding of negligence in some form is fatal to a contributory negligence instruction. See, generally, for the requirements: Danner v. Weinreich, Mo., 323 S.W.2d 746; Myers v. Searcy, Mo., 356 S.W.2d 59; Barrett v. Town of Canton, 338 Mo. 1082, 93 S.W.2d 927; Capriglione v. Southwestern Bell Telephone Co., Mo., 376 S.W.2d 205. The necessity of such a finding deals with a substantive element, since otherwise there is no requirement of a finding of a failure to use the highest degree of care, or ordinary care in a proper case. In Instruction No. 7 there was no reference whatever either to a failure to use the highest degree of care or to a finding of negligence. On its face, the instruction is fatally erroneous.

■  We note that in certain instances of violations of municipal ordinances, where the respective ordinance is in evidence and a violation is expressly submitted in the instruction, the act itself may constitute negligence per se and the jury may be so instructed. Dickerson v. St. Louis Public Service Co., 365 Mo. 738, 286 S.W.2d 820; Wells v. Henry W. Kuhs Realty Co., Mo., 269 S.W.2d 761, 47 A.L.R.2d 1038. But the act should be expressly hypothesized along with a direction that such an act would constitute negligence; or, if the violation is merely used as evidence of common law negligence, the instruction should require an express finding of *negligence,* as such. Floyd v. St. Louis Public Service Co., Mo., 280 S.W.2d 74. There is no record here of any ordinance of Kansas City, and no violation of any ordinance was submitted. We do not take judicial notice of city ordinances. Under these circumstances, the mere failure to stop at a stop sign may not be deemed to constitute negligence per se, and a finding of negligence should have been required. We have gone far in assuming that there was substantial evidence to support the instructions generally, with no evidentiary record and no stipulation; we shall certainly not assume that an ordinance of Kansas City was received in evidence.

In addition to the foregoing reasons, the instruction was sufficiently misleading and confusing, when considered in connection with the plaintiff's submissions and with defendant's own Instruction No. 6 to justify the court in granting a new trial.

The action of the trial court was correct. The order is affirmed and the cause is remanded.

All of the Judges concur.